1000

Laura COKER *v.* Charles L. DANIELS,
Director of Labor and STAPLETON
LADDERS COMPANY

CA 79-296                            593 S.W. 2d 59

Opinion delivered January 9, 1980
Released for publication January 30, 1980

GEORGE HOWARD, JR., Judge. Appellant challenges the action of the Board of Review in affirming the denial of unemployment benefits under Section 5(b)(1) of the Employment Security Law which provides:

. . . [A]n individual shall be disqualified for benefits:

. . .

If he is discharged from his last work for misconduct in connection with the work . . .

Appellant testified that her status as an employee with Stapleton Ladders, Respondent, began in February, 1979; that she, her husband and brother, who were also employed by respondent, did not report to work on May 21st and 22nd because her husband's automobile broke down and she had no means of transportation to work; that on May 23rd she did not report to work because she was ill. Appellant also testified that she was absent from her job on at least two other occasions because her daughter was ill necessitating appellant's presence at home.

It is undisputed that appellant advised her employer, by telephone, that due to the lack of transportation she was unable to report to work on May 21st and 22nd. It is further undisputed that appellant's husband and brother on May 23rd advised the respondent, when they reported for work, that appellant was ill and would not report to work, whereupon appellant, her husband and brother were fired.

It is clear that respondent is a small enterprise employing only a few people in the manufacture of ladders. Appellant's assignment on respondent's assembly line consisted of placing "braclets and things on steps for the ladders." Appellant's assignment was vital to the continuity and smooth operation of respondent's production schedule. It is undisputed that appellant's absence has interfered materially with respondent's assembly line production.

The force of appellant's argument for reversal seems to be that respondent — in a conversation between respondent and appellant's husband — terminated appellant on May 21st rather than May 23rd; therefore, the reason for her termination was because of the lack of transportation which was the result of an emergency which appellant had no control over and was in fact an unavoidable situation. Thus,

argues appellant, respondent's action is not based upon good cause.

Respondent, on the other hand, testified that the termination occurred on May 23rd and that appellant had a rather lengthy absentee record during her relatively short period with its firm.

It is crystal clear that during appellant's twelve weeks of employment, she had been absent at least six times either because of illness in the family or the lack of transportation. The question relative to when appellant was actually terminated presented a fact question for the Agency's determination. Credibility is a matter to be evaluated and resolved by the administrative tribunal while our responsibility is to determine essentially whether the finding of the Agency is supported by substantial evidence.

While it is generally recognized that an employer has certain obligations and responsibilities to his employees in providing suitable working conditions and hours, it goes without saying that an employer generally has neither an affirmative duty to provide transportation to an employee to and from his place of employment, nor is required to tolerate a mode of conduct pertaining to an employee's ability or the lack thereof to provide transportation to and from his place of employment which has the effect of reducing the efficiency of the employer's operations and, if continued, the complete destruction of the employer's business before the employer can take preventive measures as was done in the instant case.

We are convinced that the holding of the Agency is indeed supported by substantial evidence.

Affirmed.