David A. WEAVERS *v.* Charles L. DANIELS, Director of Labor for the State of Arkansas, and HILTON INN

E 80-125                                    613 S.W. 2d 108

Court of Appeals of Arkansas
Opinion delivered March 18, 1981

56

*James R. Cromwell*, for appellant.

*Thelma Lorenzo*, for appellees.

DONALD L. CORBIN, Judge. Appellant David A. Weavers was denied benefits under Section 5 (b) (1) of the Employment Security Act, Ark. Stat. Ann. § 81-1106 (b) (1) (1976). Until December 9, 1979, Mr. Weavers was employed as a maintenance worker by Hilton Inn in Little Rock, Arkansas. Mr. Weavers had a history of alcoholism, a condition known to his employer at the time he was hired.

On the morning of December 9, 1979, the appellant telephoned his employer to report that he was ill and would not be at work that day. That evening, well after working hours, he was arrested near his home, charged with public intoxication, and being unable to make bail, was jailed. Consequently, he failed to report to work the next morning, December 10th, but was permitted to call his employer at approximately 2:00 that afternoon at which time he was dismissed.

Appellant raises three issues on appeal. Mr. Weavers alleges that since he was unable to obtain his release from jail because of his indigency, he should not be denied unemployment benefits. Appellant cites *Tate* v. *Short*, 401 U.S. 395 (1971) and *Kaylor* v. *Department of Human Resources*, 32 Cal. App. 3d 732, 108 Cal. Rptr. 267 (1973) as authority for the proposition that a denial of unemployment benefits to an individual unable to report to work because of his inability to pay a bail bond constitutes a denial of equal protection. While appellant's argument is novel, it has no application here. In the case at bar, the issue is one of misconduct, or more specifically recurring absences, after

warnings and without advance notice, and intoxication which rendered the claimant incapable of performing his job. Additionally, the record does not show that the appellant's inability to post bond was due to indigency.

As his second argument, appellant alleged that an employee unable to report to work because he was incarcerated for an offense unrelated to his employment cannot be disqualified from receiving unemployment benefits.

The Board of Review affirmed the decision of the Appeals Tribunal which held that:

> [T]he claimant was discharged from his last employment for misconduct in connection therewith. He was absent from work under circumstances which strongly suggest that he was intoxicated. This was not a situation that was beyond his reasonable control and it must be held that his absences were conduct against the best interest and welfare of the employer.

Mr. Weavers' actions caused him to be absent from work when he was needed and expected by the employer. His recurring, unexcused absences without advance notice hampered the operation of the employer's business. "[A]n employer generally has neither an affirmative duty ... nor is required to tolerate a mode of conduct which has the effect of reducing the efficiency of the employer's operation .... " *Coker v. Daniels*, 267 Ark. 1000, 593 S.W. 2d 59 (Ark. App. 1980). The employer had a right to expect the employee to report to work on time on his scheduled work days. His repeated disregard for the employer's interests justified his discharge.

Finally, appellant alleges that there is no substantial evidence to support the referee's findings of intoxication and of prior warnings.

In *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978), the court stated:

> In appellate review under Ark. Stat. Ann. § 81-1107 (d)

(7), making findings of the Board of Review, as to the facts, conclusive, if supported by evidence and in the absence of fraud, and confining judicial review to questions of law, we must give the successful party the benefit of every inference that can be drawn from the testimony, viewing it in the light most favorable to the successful party, if there is any rational basis for the board's findings based on substantial evidence.

In the case at bar, the Board of Review found that claimant was discharged from his employment for misconduct. His supervisor testified that his absences hampered the operations of the maintenance department. Appellant admitted that he had previously been warned about his conduct.

We find there is substantial evidence to support the decision of the Board of Review.

Affirmed.

GLAZE, J., not participating.