KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION,
Appellant,

v.

John W. STIRRAT, Appellee.

and

TENNESSEE VALLEY AUTHORITY,
Paradise Steam Plant, Appellant,

v.

John W. STIRRAT, Appellee.

Court of Appeals of Kentucky.

March 2, 1984.

Rehearing Denied July 6, 1984.

Discretionary Review Denied and Opinion
Ordered Published by Supreme Court
May 15, 1985.

Phillip B. Hunter, Cabinet for Human Resources, Frankfort, for appellant Kentucky Unemployment Ins. Comn.

Kenneth B. Kusch, Central City, for appellee.

Herbert Sanger, Jr., General Counsel, James E. Fox, Associate Gen. Counsel, David W. Miller, James Touhey, Tennessee Valley Authority, Knoxville, Tenn., for appellant, Tennessee Valley Authority.

Before COOPER, DUNN and MILLER, JJ.

COOPER, Judge.

This is an appeal from a judgment of the circuit court reversing a decision of the appellant, Kentucky Unemployment Insurance Commission, which held that the appellee was not entitled to unemployment insurance benefits. On appeal, the principal issue is whether the circuit court erred in determining that the commission incorrectly applied the law to the facts of the case. Reviewing the record below, we reverse.

The appellee, John W. Stirrat, was employed as a laborer by the appellant, Tennessee Valley Authority, Paradise Steam Plant, from August 17, 1979 until April 27, 1982. On the latter date, he was terminated for having failed to report to work since April 8, 1982. Thereafter, on May 16, he filed a claim with the Department for Human Resources, Division for Unemployment Insurance. That agency subsequently denied his claim on the grounds that he had been discharged from his employment for "misconduct ... connected with his most recent work ..." KRS 341.370(1)(b).

On June 10, 1982, the appellee appealed the denial of his claim with the appeals

referee. After a full hearing, the referee affirmed the denial of the appellee's claim and issued the following findings of fact:

FINDINGS OF FACT: The claimant was employed by the appellee federal agency for two years and eight months as a laborer. He was terminated from his job on April 27, 1982, because the employer assumed he had resigned his job. The claimant last worked on April 8, 1982. He was next scheduled to report for work on April 9, 1982, however, because he had a sore throat, he called in and reported that he would not be working because of his illness. That night, the claimant went to Owensboro, Kentucky to socialize with a lady friend. At 3:55 a.m., April 10, 1982, the claimant was arrested by the Owensboro Police Department for driving the wrong way on a one way street and driving while in [sic] intoxicated. He was released later that morning and advised to appear in court on April 12, 1982. The claimant appeared in court on April 12, 1982, was sentenced to serve 30 days with 27 days suspended and was remanded to the county jail.

It was futher [sic] learned that the claimant allegedly had a previous fine which was unpaid. Because there was no proof that the claimant had paid the previous fine, he remained in the Daviess County jail until May 11, 1982. He could not be released until such time as the fine was paid or he presented proof that he had paid the fine. During the entire time that the claimant was incarcerated, he was unable to contact anyone outside the county jail. The only individual aware of the claimant's whereabouts was his union steward.

The employer mailed a letter to the claimant's former address on April 15, 1982, advising him to return to work within ten days. That notice was returned to the employer some four days later because it was mailed to the wrong address. On April 27, 1982, the claimant was terminated from his employment with TVA because it was assumed that he had resigned as a result of his extended absence.

DECISION: The adjusted determination is affirmed.

REASONS: KRS 341.370(1)(b) provides for the imposition of a duration benefit disqualification when a worker has been discharged from his most recent employment for misconduct connected with his work. Misconduct denote[s] acts or omissions which manifest a willful [sic] or wanton disregard for the employer's legitimate business interests. Every employer has a legitimate interest in maintaining a full work crew. When a worker is absent from scheduled work, the employer must of necessity re-arrange the available personnel in order to compensate for the absent worker. When such absences from work are unreported or are for less than compelling reasons, they constitute misconduct. Absence from work resulting from incarceration for a violation of the law has always been deemed an act of misconduct. The claimant was incarcerated from April 12, 1982, until May 11, 1982, because of legal difficulties encountered while in Owensboro, Kentucky. He was terminated from his employment not because of his incarceration but because of the resulting absence from work. The claimant was discharged from his employment for misconduct connected with his work and may not be allowed benefits following such a separation. (App. 29–30).

Upon a review of the record by the full commission, the findings of fact and conclusions of law of the appeals referee were affirmed. Thereafter, the appellee appealed to the circuit court seeking a review of the commission's decision. On December 16, 1982, the circuit court reversed, ruling that although it found the findings of the referee to be correct, the latter had incorrectly applied the applicable law. It is from such judgment that the appellants now appeal.

On appeal, the single issue is whether the circuit court was clearly erroneous in ruling that the commission incorrectly ap-

plied the correct rule of law to the facts presented to it. *See Southern Bell T. & T. Co. v. Kentucky Unemp. Ins. Com'n.*, Ky., 437 S.W.2d 775, 778 (1969); citing *Brown Hotel Company v. Edwards*, Ky., 365 S.W.2d 299 (1963); *Kentucky Unemployment Ins. Com'n. v. Murphy*, Ky., 539 S.W.2d 293, 294 (1976). Stated differently, the findings of fact as determined by the commission cannot be disturbed by the circuit court if they are supported by substantial evidence. *See Kentucky Unemployment Ins. Com'n v. Springer*, Ky., 437 S.W.2d 501 (1969). Reviewing the record below, we rule that there was sufficient evidence presented to the commission to support a finding that he was discharged from his employment for misconduct connected with his work. *See* KRS 341.-370(1)(b).

Here, the facts surrounding the appellee's discharge are not in dispute: The appellee was arrested early on Saturday morning, April 10, 1982, for driving under the influence of alcohol and for traveling the wrong direction on a one-way street. Although he was released from custody sometime later the same morning, he was told to appear in court on Monday, April 12. Nevertheless, he failed to notify the employer that he would be absent from work on Monday, April 12. As a result of the pending charge and a previous record of unpaid fines, the appellee remained in the custody of the Owensboro Police until May 11.

The issue confronting the commission and the circuit court was whether the appellee's misconduct was "misconduct ... connected with his most recent work" justifying dismissal. KRS 341.370(1)(b). Evidently no court in this jurisdiction has addressed the question directly—see the court's language in *Brown Hotel Company v. White*, Ky., 365 S.W.2d 306 (1963), where the former Court of Appeals held that an absence from work, coupled with a failure to give notice to the employer, can constitute misconduct justifying a denial of benefits. However, courts in other jurisdictions have held that such misconduct is connected with employment. In *Carter v.*

*Caldwell*, 151 Ga.App. 687, 261 S.E.2d 431, 432 (1979), a denial of a claim for unemployment compensation benefits was upheld when the employee engaged in conduct which led to his incarceration and, as a result thereof, he was dismissed from his employment. Furthermore, in *Grimble v. Brown*, 247 La. 376, 171 So.2d 653, 656 (1965), cert. denied, 382 U.S. 861, 86 S.Ct. 123, 15 L.Ed.2d 99 (1965), the court held that an employee is disqualified from receiving unemployment benefits by "any act of misconduct which renders [him] ... unable to report for work and perform the duties of his employment for any unseasonable length of time by reason of his confinement in jail." *See also Betancourt v. Ross*, 60 A.D.2d 719, 401 N.Y.S.2d 8 (1977); and *Sherman/Bertram, Inc. v. California Dep't of Employment*, 202 Cal.App.2d 733, 21 Cal.Rptr. 130 (1962).

Significantly, in affirming the denial of the appellee's claim, the appeals referee ruled that the appellee was terminated *not* as a result of his incarceration, but because of his resulting absence from his work. The appellee's absence, and corresponding failure to notify the employer of his absence, constituted the requisite misconduct under the language of the statute. In *Medina v. Unemployment Bd. of Review*, 55 Pa.Commw. 323, 423 A.2d 469 (1980), the Court stated as follows:

> We agree that, in this case, claimant's conviction for assault in a domestic setting does not bear upon his suitability for employment as a sanitation worker. However, we reiterate that claimant was discharged for his extended absence, not for his criminal activity. Thus, *his incarceration, and not his criminal conduct per se, rendered claimant unable to perform his job, and his incarceration supports a finding of willful misconduct.* A contrary holding could produce ludicrous results. An employer should not be expected to hold a position open for months, or years, until his employee has completed his prison sentence. (Emphasis added) *Id.* 423 A.2d at p. 471.

Similarly, the Court in *Weavers v. Daniels*, 1 Ark.App. 55, 613 S.W.2d 108 (1981), rejected the appellant's argument that he was entitled to unemployment benefits because he was incarcerated for an offense unrelated to his employment. That Court stated as follows:

> The Board of Review affirmed the decision of the Appeals Tribunal which held that:
>
>> [T]he claimant was discharged from his last employment for misconduct in connection therewith. He was absent from work under circumstances which strongly suggest that he was intoxicated. This was not a situation that was beyond his reasonable control and it must be held that his absences were conduct against the best interest and welfare of the employer.
>
> Mr. Weaver's actions caused him to be absent from work when he was needed and expected by the employer. His recurring, unexcused absences without advance notice hampered the operation of the employer's business. "[A]n employer generally has neither an affirmative duty ... nor is required to tolerate a mode of conduct which has the effect of reducing the efficiency of the employer's operation ..." *Coker v. Daniels*, 267 Ark. 1000, 593 S.W.2d 59 (Ark.App.1980). The employer had a right to expect the employee to report to work on time on his scheduled work days. His repeated disregard for the employer's interests justified his discharge. *Id.* 613 S.W.2d at p. 110.

Reviewing the facts presented to the commission, as well as the language of the statute and the decisions of courts in other jurisdictions construing similar language, we hold that there was substantial evidence to justify a finding that the appellee had engaged in misconduct connected with his most recent work justifying his dismissal and a denial of unemployment benefits. As such, we hold that the circuit court erred in ruling that the commission failed to correctly interpret the law.

The judgment of the circuit court is reversed with directions that its judgment be vacated, and that the decision of the commission be reinstated.

All concur.