Terry SADLER *v.* Dewey STILES, Director of Labor, and
QUALITY COMPLETIONS, INC.

E 86-155                              735 S.W.2d 708

Court of Appeals of Arkansas
Division I
Opinion delivered September 16, 1987

*Western Arkansas Legal Services*, for appellant.

*Allan Pruitt*, for appellees.

JAMES R. COOPER, Judge. In this unemployment compensation case, the appellant was awarded unemployment benefits by the agency. On appeal, the Appeals Tribunal reversed the agency and found that the appellant was discharged for misconduct in connection with his work. The Board of Review adopted and affirmed the findings and conclusions of the Appeals Tribunal. On appeal to this Court, the appellant argues that the Board's decision is not supported by substantial evidence. We agree with the appellant's argument and reverse.

Whether the findings of the Board of Review are supported by substantial evidence is a question of law; this Court will reverse when the Board's findings are not supported by substantial evidence. *Maybelline Co.* v. *Stiles*, 10 Ark. App. 169, 661 S.W.2d 462 (1983). Whether an employee's actions consti-

tute misconduct in connection with work sufficient to deny unemployment benefits is a question of fact for the Board. *Olson* v. *Everett*, 8 Ark. App. 230, 650 S.W.2d 247 (1983). This Court will determine whether the Board could reasonably reach its results upon the evidence before it, but will not replace its judgment for that of the Board even though this Court might have reached a different conclusion based upon the same evidence the Board considered. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W.2d 954 (1978).

In order for an employee's action to constitute misconduct so as to disqualify him, the action must be a deliberate violation of the employer's rules, an act of wanton or willful disregard of the standard of behavior which the employer has a right to expect of his employees. *Exson* v. *Everett*, 9 Ark. App. 177, 656 S.W.2d 711 (1983). In *Willis Johnson Co.* v. *Daniels*, 269 Ark. 795, 601 S.W.2d 890 (Ark. App. 1980), this Court stated that:

> Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence or good faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interests or an employee's duties and obligations. [Citation omitted.]

The record shows that the appellant had been employed by the appellee for thirteen months before he was dismissed. The appellant testified that when he got off of work on a Friday evening his supervisor told him that he would let the appellant know Sunday whether he had to work on Monday. On Saturday morning the appellant left to go camping. He called a co-worker Sunday evening and was told that his rig was down and that he did not have to work on Monday. The appellant then decided to remain on the camping trip until Monday morning.

The appellant also testified that he rode to work every day with the co-worker he contacted and that the supervisor had left messages with this co-worker when he could not reach the appellant. The appellant stated that he arrived at home on

Monday between ten and eleven in the morning. When he contacted his supervisor Monday evening he was told he was fired.

■ Under the facts of this case we do not believe that the appellant's actions were unreasonable. There is no evidence in the record that the appellant had ever received any warnings from his employer, *see Exson, supra,* or that the appellant had any recurring or excessive absences from work. *See, Coker v. Daniels,* 267 Ark. 1000, 593 S.W.2d 59 (1980), and *Weavers v. Daniels,* 1 Ark. App. 55, 613 S.W.2d 109 (1981).

The employer did not appear at the hearing. The only evidence in the record to refute the appellant's testimony is a statement taken from the appellant's supervisor over the phone by an employee of the Employment Security Division. In that conversation, the supervisor stated that he could not get the appellant to answer the phone or come to the door. He believed that the appellant was home because the appellant's only car was in the driveway. He further stated that several members of the crew had threatened to quit and one did indeed quit.

■ The telephone conversation between the employer and the agency employee was hearsay, and on these facts, that evidence does not constitute substantial evidence to support the Board's decision, *Young v. Everett,* 6 Ark. App. 295, 641 S.W.2d 39 (1982), though hearsay evidence may constitute substantial evidence.

■ Since the reported telephone conversation does not rise to the dignity of substantial evidence, and since that item of evidence was the only evidence upon which the Board could have based its decision, we reverse and hold that the claimant is not disqualified from receiving benefits based on the Board's finding of misconduct in connection with the work. The case is reversed and remanded to the Board for such further proceedings as may be necessary to determine the appellant's eligibility for benefits and the amount and duration of those benefits.

Reversed and remanded.

CORBIN, C.J., and COULSON, J., agree.