Yvette K. THOMAS *v.* DIRECTOR, Employment Security Department, and Sparks Regional Medical Center

E 95-229           931 S.W.2d 146

Court of Appeals of Arkansas
Division II
Opinion delivered October 23, 1996

Appellant, *pro se.*

*Allan F. Pruitt*, for appellees.

JOHN F. STROUD, JR., Judge. This is an appeal from a decision of the Arkansas Board of Review in which the claimant, Yvette Thomas, was denied unemployment benefits. The Board's decision affirmed that of the appeal tribunal and the Arkansas Employment Security Department, both of which had determined that claimant was discharged for misconduct in connection with her work. We reverse and remand.

For the most part, the facts are essentially undisputed. At the time of her discharge claimant had worked for the employer, Sparks Regional Medical Center, for more than nine years. She was a registered nurse. On February 19, 1995, claimant and another nurse, Hye-Ran Smith, who was also discharged, became involved in a situation with a combative and assaultive patient. Several medical personnel, including claimant and Smith, were attempting to place restraints on the patient, who was suffering from alcohol and substance abuse. The patient grabbed Smith's hands and would not release them. The patient's fingernails were scratching or puncturing Smith's hands. Claimant pinched the patient on the inside of her upper arm, causing the patient to release her hold on Smith. Claimant was discharged for pinching the patient.

■■ An employee is disqualified from receiving benefits if he or she is discharged for misconduct connected with the work. Ark. Code Ann. § 11-10-514(a)(1) (Repl. 1996). An employee's actions constitute misconduct if they deliberately violate the employer's rules, or if they wantonly or willfully disregard the standard of behavior which the employer has a right to expect of its employees. *Sadler v. Stiles*, 22 Ark. App. 117, 735 S.W.2d 708 (1987).

> Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence or GOOD FAITH ERRORS IN JUDGMENT OR DISCRETION ARE NOT CONSIDERED MISCONDUCT FOR UNEMPLOYMENT INSURANCE PURPOSES *UNLESS* IT IS OF SUCH A DEGREE OR RECURRENCE AS TO MANIFEST CULPABILITY, WRONGFUL INTENT, EVIL DESIGN, OR AN INTENTIONAL OR SUBSTANTIAL DISREGARD OF AN EMPLOYER'S INTERESTS OR AN EMPLOYEE'S DUTIES AND OBLIGATIONS.

*Willis Johnson Co. v. Daniels*, 269 Ark. 795, 601 S.W.2d 890 (Ark. App. 1980) (emphasis added).

■ Whether an employee's actions constitute misconduct in connection with the work sufficient to deny unemployment benefits is a question of fact for the Board. *Sadler v. Stiles*, 22 Ark. App. 117, 735 S.W.2d 708 (1987); *Dillaha Fruit Co. v. Everett*, 9 Ark. App. 51, 652 S.W.2d 643 (1983). On appeal, the Board's findings are conclusive if they are supported by substantial evidence. *A. Tenenbaum Co. v. Director of Labor*, 32 Ark. App. 43, 796 S.W.2d 348 (1990). The scope of judicial review is limited to a determination of

whether the Board could reasonably reach its decision upon the evidence before it; we may not substitute our findings for those of the Board even though we might have reached a different conclusion had we made the original determination upon the same evidence. *Shipley Baking Co.* v. *Stiles,* 17 Ark. App. 72, 703 S.W.2d 465 (1986). This is not to say, however, that our function on appeal is merely to ratify whatever decision is made by the Board. It is essential that the Board's findings of fact be supported by substantial evidence upon which a particular conclusion could reasonably have been reached. We are not at liberty to ignore our responsibility to determine whether the standard of review has been met. *Id.*

Here, the Board determined that claimant's actions amounted to misconduct in connection with her work. We find that the Board could not reasonably have reached its decision upon the evidence that was before it. Without departing from the limitations on the scope of our review, we hold that the Board's finding that claimant was discharged for misconduct in connection with her work is not supported by substantial evidence. At most, claimant's conduct in pinching the combative and assaultive patient in order to get the patient to release her hold on another nurse was a good-faith error in judgment or discretion that was not of such a degree as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interests or an employee's duties and obligations. The Board's finding otherwise is simply not supported by the evidence presented to it. Any higher degree of restraint employed or even a pinch in other circumstances might well amount to misconduct. Under the facts of this case, however, claimant's conduct could not reasonably be found to constitute misconduct in connection with the work. The case is reversed and remanded to the Board for such further proceedings as may be necessary to determine the appellant's eligibility for benefits and the amount and duration of those benefits.

Reversed and remanded.

PITTMAN and MAYFIELD, JJ., agree.