SLIP OPINION

Cite as 2015 Ark. App. 200

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-14-643

| | |
|---|---|
| DAVID GREEN<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, and FIVE J<br>ELECTRIC, INC.<br>APPELLEES | Opinion Delivered  MARCH 18, 2015<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2014-BR-01735]<br><br><br>REVERSED AND REMANDED |

## CLIFF HOOFMAN, Judge

Appellant David Green appeals from the Arkansas Board of Review's (Board's) decision finding that he was disqualified from receiving unemployment benefits because he was discharged from his last work for misconduct connected with the work. On appeal, Green argues that the decision of the Board is not supported by substantial evidence. We reverse the Board's decision and remand for an award of benefits.

Green began his employment as a master electrician for appellee Five J Electric, Inc., on March 17, 2009. According to the employer's general discharge statement, Green's employment was terminated on the morning of May 5, 2014, for not following the instructions of his supervisor. His claim for unemployment benefits was denied by the Department of Workforce Services (Department) on the basis that he was discharged for insubordination. Green appealed to the Appeal Tribunal (Tribunal), which held a telephone hearing on July 1, 2014. The employer did not participate in the hearing.

Green testified that he was working for Five J Electric, Inc., on a job for Wal–Mart at the time of his termination and that the deadline for completion of the job was May 12, 2014. On Saturday, May 3, 2014, Green testified that he finished his electrical work and left the job site. When he returned on Monday, May 5, to check on the work, Green indicated that the completion date must have been accelerated because Wal–Mart was already moving in. He learned that all of the contractors had been called in on Sunday afternoon to finish the job and to clean up, although he was never contacted. Green stated that his supervisor notified him that morning that he was being discharged because he had failed to complete some electrical panels on the site. Green denied that he had left the panels incomplete and stated that there was another employee present who also confirmed this fact.

Following the hearing, the Tribunal affirmed the Department's denial of unemployment benefits under Ark. Code Ann. § 11–10–514(b), finding that Green had been discharged for refusing to perform work as instructed by his manager on May 5, 2014, and that he had instead left early to go fishing. Thus, the Tribunal concluded that he had been discharged from last work for misconduct connected with the work on account of insubordination.

Green then appealed to the Board, which modified the Tribunal's decision, finding that, even if Green's actions did not rise to the level of insubordination, he was disqualified from receiving benefits under Ark. Code Ann. § 11–10–514(a) because he had violated a standard of behavior that the employer had a right to expect from its employees. In its decision, the Board made the following findings of fact and conclusions of law:

2

The claimant worked for the employer as a master electrician. On May 5, 2014, the claimant was told that the job on which he was working needed to be completed by May 12. The job required a master electrician present to sign off on the work of the apprentice electricians. On May 10, while driving by the job site, the claimant's supervisor observed that the claimant was not present, although the apprentice electricians were. The supervisor was told by other employees that the claimant left at approximately noon to go fishing. The following day, the claimant's crew worked an additional ten hours to complete the job by deadline. The claimant was discharged.

Pursuant to Ark. Code Ann. § 11-10-514(a), an individual shall be disqualified for benefits if he or she is discharged from his or her last work for misconduct in connection with the work. "Misconduct," for purposes of unemployment compensation, includes: (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior that the employer has a right to expect of its employees, and (4) disregard of the employee's duties and obligations owed to the employer. *Beck v. Director*, 65 Ark. App. 8, 987 S.W.2d 733 (1999). Ark. Code Ann. § 11-10-514(b) provides for a harsher disqualification period if the individual is discharged from his or her last work for misconduct in connection with the work on account of dishonesty, drinking on the job, reporting for work while under the influence of intoxicants, including a controlled substance, or willful violation of bona fide written rules or customs of the employer including those pertaining to his or her safety or the safety of fellow employees, persons, or company property, harassment, unprofessional conduct, or insubordination.

The Department of Workforce Services and the Appeal Tribunal found that the claimant was insubordinate. However, the preponderance of the evidence does not indicate that the claimant overtly refused to perform a task assigned by his supervisor. The reminder regarding the deadline was given to the claimant on May 5, and his leaving work early five days later on May 10 was not insubordinate in that he did not disobey an order. The Board notes, however, that the claimant may still be disqualified under the provisions of Ark. Code Ann. § 11-10-514(a) even if he is not disqualified under the provisions of Ark. Code Ann. § 11-10-514(b). By leaving work early without authorization, with a deadline approaching, and with no other master electricians on site, the claimant's actions violated a standard of behavior that the employer had a right to expect from its employees. Therefore, the claimant was discharged from last work for misconduct in connection with the work.

Green timely appealed to this court from the Board's decision and argues that it is not supported by the evidence in the record. On appeal in unemployment cases, findings of fact by the Board of Review are conclusive if supported by substantial evidence, and review is

SLIP OPINION

3

SLIP OPINION

limited to determining whether the Board could reasonably reach its decision based upon the evidence before it, even if there is evidence upon which the Board might have reached a different decision. *Hiner v. Director*, 61 Ark. App. 139, 965 S.W.2d 785 (1998). The reviewing court may not substitute its findings for the Board's even though the court might have reached a different conclusion had it made an original determination upon the same evidence. *Thomas v. Director*, 55 Ark. App. 101, 931 S.W.2d 146 (1996). Also, the credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Johnson v. Director*, 84 Ark. App. 349, 141 S.W.3d 1 (2004).

According to Ark. Code Ann. § 11-10-514(a) (Supp. 2011), if the Director finds that an individual is discharged from last work for misconduct in connection with the work, the individual is disqualified for benefits for eight weeks. An employee's actions constitute misconduct sufficient to warrant denial of unemployment benefits if they deliberately violate an employer's rules, or if they wantonly or willfully disregard the standard of behavior that the employer has a right to expect of its employees. *Thomas*, *supra*. Mere unsatisfactory conduct, ordinary negligence, or good faith errors in judgment or discretion are not considered misconduct unless it is of such a degree or recurrence as to manifest wrongful intent or an intentional or substantial disregard of an employer's interests or the employee's duties and obligations. *Id*. Whether an employee's actions constitute misconduct in connection with the work sufficient to deny unemployment benefits is a question of fact for the Board of Review. *Id*.

Green argues that there was not substantial evidence to support the Board's finding of misconduct because the facts surrounding his discharge that are recited in the decision are

incorrect. We agree. The Board stated in its decision that Green was told on May 5, 2014, that the job needed to be completed by May 12 and that he left work early on May 10 to go fishing. However, as Green testified at the hearing, he could not have left work early on May 10 if he had already been terminated on May 5. The evidence from the employer in the record is contradictory as to when Green was told to complete the job, when he allegedly left work early, and when he was discharged. While the employer's general discharge statement indicates that Green was discharged on May 5, the employer's notes that are attached state both that Green was fired at 9:00 a.m. on May 5 *and* that he left work at noon on May 5 to go fishing. There is also an additional note describing an incident on May 18, where Green arrived at work late and left early. Then, in the miscellaneous employer statement, Five J Electric, Inc., indicates that Green left work early on May 10. However, Green clearly could not have been terminated for his actions on May 10, as found by the Board, when the record shows that he filed his claim for unemployment benefits on May 6. Because Five J Electric, Inc., did not participate in the hearing before the Tribunal, there was no additional clarification or explanation by the employer as to the details surrounding Green's discharge.

It is the employer's burden to prove misconduct by a preponderance of the evidence. *Brown v. Director*, 2013 Ark. App. 355. Five J Electric, Inc., failed to meet its burden in this case. Because there is not substantial evidence to support the Board's finding of misconduct based on the record before us, we reverse and remand for an award of benefits.

Reversed and remanded.

GLADWIN, C.J., and GLOVER, J., agree.

*David Green*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.