SLIP OPINION

Cite as 2015 Ark. App. 307

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** E-14-744

| | |
|---|---|
| ROSA ALVARENGA | **Opinion Delivered** MAY 6, 2015 |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | BOARD OF REVIEW |
| | [NO. 2014-BR-01796] |
| | |
| DIRECTOR, DEPARTMENT OF | |
| WORKFORCE SERVICES, and | |
| SUPERIOR INDUSTRIES | |
| APPELLEES | AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Rosa Alvarenga appeals from the Arkansas Board of Review's (Board) decision, which affirmed and adopted the opinion of the Appeal Tribunal (Tribunal) finding that Alvarenga was disqualified from receiving unemployment benefits because she was discharged from last work for misconduct connected with the work. On appeal, Alvarenga argues that the Board's decision is not supported by substantial evidence. We affirm.

Alvarenga began working for appellee Superior Industries (Superior) in January 2013 and was discharged on May 7, 2014, after she had acquired at least 100 infraction points in violation of the employer's work rules. She was denied unemployment benefits by the Department of Workforce Services (Department) and appealed her denial to the Tribunal, which held a telephone hearing on June 26, 2014.

At the hearing, Larry Goodall, Director of Human Resources Compliance for Superior, testified that the company has two separate sets of rules. One set of rules is for

SLIP OPINION

attendance, where termination is warranted when an employee receives in excess of 50 points due to rule violations, and the second set is for other types of infractions, where termination is warranted after an accumulation of 100 points. Each particular rule provides for a graduated amount of points that are assessed for the first, second, and third violations of the rule. The employee handbook also states, however, that the company has absolute discretion to determine the appropriate disciplinary action and that it is not required to impose a series of disciplinary measures before discharging an employee. Goodall indicated that each employee receives a copy of the handbook and is given training on attendance and other work–rule violations during orientation. He introduced evidence showing that Alvarenga had acknowledged receiving the handbook in March 2013.

On March 10, 2014, Goodall testified that Alvarenga received a written warning that she had violated Rule 12, "failure to follow published work instructions and/or procedures," due to a faulty work product. She was given 20 points for this infraction because it was her first violation of this rule. On April 30, 2014, she received written notice that she had violated Rule 5, which is "wasting time, loitering, or leaving one's assigned work place during working hours without permission, including taking more time than is authorized for meals or break periods." Goodall testified that Alvarenga received 30 points for this infraction, even though it was her first violation of this rule, because she had been previously instructed and warned in a group–department meeting that employees needed to strictly comply with scheduled break times in order to maximize productivity. Goodall indicated that he had been informed of this prior warning by Gloria Guzman, the human–resources manager at the plant

where Alvarenga was employed. Goodall testified that, because Alvarenga's infractions totaled 50 points after this second incident, Alvarenga was suspended for one day, as was authorized by Superior's work rules.

The third and final incident leading to Alvarenga's discharge occurred on May 7, 2014, when she again violated Rule 5 by leaving for her break five minutes early and returning late. Because Alvarenga had already received 30 points for violating this rule, she was given the next level of points, which was 50, for a total accumulation of 100 points. Goodall testified that Alvarenga was then discharged for violating work rules.

In her testimony, Alvarenga agreed that she had received a copy of the employee handbook and that she was aware of the work rules. She further admitted that she had received three written warnings for violating the rules. However, she testified that she had never been warned in a group meeting not to violate the rule concerning break time and claimed that she should have been given only the 20 points for a first infraction, not the 30 points that she was given. Alvarenga further claimed that she should therefore have received only 30 points for the May 7, 2014 violation, for a total accumulation of 70 points, and that termination of her employment was not warranted.

Alvarenga also presented the testimony of a co-worker, Maria Sanchez, who agreed with Alvarenga that there was no group warning about break time. Sanchez stated that she had received 20 points for violating Rule 5 on May 7, 2014, when she also took extra break time. Sanchez testified, however, that she did not believe that Superior followed its written policy on assigning points because she had violated another rule on the same day, for which

she received 50 points even though it was her first violation of that rule.

Following the hearing, the Tribunal affirmed the Department's denial of unemployment benefits under Arkansas Code Annotated section 11-10-514, finding that Alvarenga had been discharged for accumulating 100 points on work-rule violations. While the Tribunal noted Alvarenga's claim that she should have been given the minimum number of points for a first violation of the rule regarding excessive breaks, the Tribunal found that Alvarenga had been previously warned about this rule and that the employer considered a group warning for which the employee was present as a first violation. Thus, the Tribunal concluded that Alvarenga's repeated violations of the work rules established a disregard of a reasonable standard of behavior expected by the employer and that she had been discharged from last work for misconduct connected with the work.

The Board affirmed and adopted the Tribunal's decision finding that Alvarenga had been discharged for misconduct. The Board concurred with the Tribunal's findings that Alvarenga had been previously warned for taking excessive breaks prior to any disciplinary action for this infraction and that the company's disciplinary policy and accompanying point totals were uniformly applied to all employees. Therefore, the Board found that Alvarenga's actions demonstrated a willful disregard of the duties and obligations owed to her employer. Alvarenga has timely appealed, arguing that there is not substantial evidence to support the Board's decision.

On appeal in unemployment cases, findings of fact by the Board of Review are conclusive if supported by substantial evidence, and our review is limited to determining

whether the Board could reasonably reach its decision based upon the evidence before it. *Hiner v. Dir.*, 61 Ark. App. 139, 965 S.W.2d 785 (1998). The reviewing court may not substitute its findings for the Board's, even though the court might have reached a different conclusion had it made an original determination upon the same evidence. *Thomas v. Dir.*, 55 Ark. App. 101, 931 S.W.2d 146 (1996). Also, the credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board. *Johnson v. Dir.*, 84 Ark. App. 349, 141 S.W.3d 1 (2004).

Pursuant to Arkansas Code Annotated section 11-10-514(a) (Supp. 2013), if an individual is discharged from last work for misconduct in connection with the work, the individual is disqualified for benefits for eight weeks. An employee's actions constitute misconduct sufficient to warrant denial of unemployment benefits if they deliberately violate an employer's rules, or if they wantonly or willfully disregard the standard of behavior that the employer has a right to expect of its employees. *Thomas*, *supra*. Mere unsatisfactory conduct, ordinary negligence, or good-faith errors in judgment or discretion are not considered misconduct unless it is of such a degree or recurrence as to manifest wrongful intent or an intentional or substantial disregard of an employer's interests or the employee's duties and obligations. *Id.* Whether an employee's actions constitute misconduct in connection with the work sufficient to deny unemployment benefits is a question of fact for the Board. *Id.*

Alvarenga's primary argument on appeal is that the Board's decision is not supported by substantial evidence because there was no proof that a group warning regarding excessive

break time ever occurred. Without such evidence, she contends that she would have received the number of points for a first, not second, infraction in April 2014 and that she would have had a total of only 70 points after the May 2014 incident. While Alvarenga recognizes Goodall's testimony that she had received a verbal group warning, she asserts that Goodall was not present at this group meeting and that his testimony is thus "purely hearsay" and does not, by itself, constitute substantial evidence.

Contrary to Alvarenga's contention, the Tribunal and the Board are not bound by technical rules of evidence, and hearsay evidence can, in fact, constitute substantial evidence in unemployment cases, as long as the claimant is given the opportunity to cross-examine the witness on the hearsay statement. *Blaylock v. Dir.*, 2012 Ark. App. 538, at 7 (quoting *Edwards v. Stiles*, 23 Ark. App. 96, 100, 743 S.W.2d 12, 15–16 (1988)); *Sadler v. Stiles*, 22 Ark. App. 117, 735 S.W.2d 708 (1987). The Board believed Goodall's testimony that there had been a prior group warning given to Alvarenga, and matters of credibility are for the Board to resolve. *Thomas*, *supra*. Furthermore, in addition to Goodall's testimony, there is also a notation in the April 30, 2014 written warning, which was signed by Alvarenga, that indicates that the same issue had been raised with Alvarenga before that incident. Under these circumstances, there was substantial evidence to support the Board's finding that the points accumulated by Alvarenga for violating the employer's work rules were correctly calculated and uniformly applied.

In addition, as the Board also found, Superior had reserved "sole and absolute" discretion to determine the appropriate disciplinary action in each case, and Alvarenga's

actions in incurring three separate infractions of work rules in a short period of time demonstrated a willful disregard of the duties and obligations owed to her employer. Therefore, there was substantial evidence to support the Board's finding that Alvarenga was discharged from her last work for misconduct connected with the work, and we affirm.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Mary E. Goff*, Legal Aid of Arkansas, Inc., for appellant.

*Phyllis A. Edwards*, for appellee.