

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-14-1033

| | |
|---|---|
| DEON HENDERSON<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, and<br>WELSPUN PIPES, INC.<br>APPELLEES | **Opinion Delivered** May 27, 2015<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2014-BR-02797]<br><br><br>REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

Appellant Deon Henderson appeals the decision of the Arkansas Board of Review (Board) that he failed to show good cause for failing to appear at his initial hearing before the Appeal Tribunal (Tribunal). Because the Board's decision is not supported by substantial evidence, we reverse.

Henderson was employed as a welder by Welspun Pipes. Welspun terminated Henderson after he had received several written warnings for failing to wear safety glasses. Henderson applied for unemployment benefits, but the Arkansas Department of Workforce Services denied his request, finding that he had been discharged from his last work for misconduct. Henderson appealed this decision to the Tribunal, which scheduled a hearing for

SLIP OPINION

September 25, 2014. Henderson did not appear for the hearing, and the Tribunal upheld the denial of benefits.

Henderson requested that the matter be reopened by the Tribunal pursuant to Arkansas Code Annotated section 11-10-524(d)(1) (Repl. 2012). The Tribunal then conducted a hearing to determine whether Henderson had good cause for failing to appear at the previous Tribunal hearing and whether he was entitled to have the matter reopened. At that hearing, Henderson testified that he had received notice that his initial hearing would be held on September 25, 2014, at 10:30 a.m. Pursuant to instructions, Henderson provided a cell-phone number for participation in the hearing. On the day of the hearing, he was called on the cell-phone number he had provided. He had a bad connection, however, and was unable to communicate with the hearing officer. Henderson explained that he "went down to the office" in Little Rock to provide his home number so he could have a better connection to speak with the hearing officer. When the hearing officer attempted to call Henderson back, his wife answered the phone and said that he was not home. Henderson said that he had previously been unaware that he had bad cell reception, and he tried to contact the Tribunal within ten minutes of the starting time of the hearing, although he could not remember to whom he spoke.

Based on this testimony, the Tribunal found that Henderson had received notice of the September 25 hearing but did not call ahead of time to leave his contact information. The Tribunal further found that when the hearing officer attempted to call Henderson, the officer was advised that he was not available. Finally, the Tribunal found that Henderson did not

2

contact the Tribunal ten minutes after the start of the hearing as instructed. The Tribunal therefore found that Henderson did not present good cause for failing to appear at the previous hearing and was thus not entitled to have the case reopened.

Henderson appealed the Tribunal's decision to the Board, which affirmed. Like the Tribunal, the Board found that Henderson did not appear at the initial hearing, did not provide a contact number to the Tribunal prior to the hearing time, and did not contact the Tribunal ten minutes after the hearing's scheduled start time when he failed to receive a call. The Board determined that Henderson did not follow the instructions on the notice that would have ensured his ability to participate in the initial hearing. The Board therefore concluded that Henderson did not show good cause for failing to appear at the initial hearing.

On appeal, the Board's findings of fact are conclusive if they are supported by substantial evidence. *Marshall v. Dir.*, 2012 Ark. App. 317. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the Board's conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.* Whether the Board's findings are supported by substantial evidence is a question of law, and, on appeal, this court may reverse if those findings are not supported by substantial evidence. *Grace Drilling Co. v. Dir.*, 31 Ark. App. 81, 790 S.W.2d 907 (1990).

We conclude that the Board's findings are not supported by substantial evidence. The only testimony before the Board was Henderson's, and he testified that he had a bad cell-phone connection and tried to contact the Tribunal to provide a home phone number with a better connection. He also testified that he *did* attempt to contact the Tribunal within ten minutes. Thus, the only evidence before the Tribunal and the Board was that Henderson did, in fact, comply with the instructions regarding the hearing. Because we conclude the Board's decision could not reasonably be reached based upon the evidence before it, we reverse and remand for further proceedings. *See Green v. Dir.*, 2015 Ark. App. 200 (reversing and remanding where the facts recited in the Board's decision were incorrect).

Reversed and remanded.

KINARD and HOOFMAN, JJ., agree.

*Deon R. Henderson*, pro se appellant.

*Phyllis Edwards*, for appellee.