Egan vs. Tewkesbury.

## EGAN VS. TEWKSBURY.

1. PLEADING: *Nul tiel record.*

    To a complaint upon a Foreign judgment, of which profert is made, the defendant pleaded, that there was no such record on file, or exhibited to the court as that mentioned in the complaint. This was not a plea of *nul tiel record*, and did not constitute a defense to the action, and judgment *nil dicit*, was properly rendered for the plaintiff.

2. PRACTICE: *Filing exhibits.*

    Under the provisions of the Code, a party relying on a deed or other writing, should file the same with the complaint, and may be required to do so upon motion of the opposite party.

APPEAL from *Conway* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Fletcher*, for appellant.

*Clark & Williams* and *Coblentz, contra.*

WALKER, CH. J.:

Tewksbury brought an action of debt in Conway Circuit Court, upon the transcript of a judgment rendered in the State of Ohio, against Egan.

The declaration is drawn in the common law form of debt upon a record, and sets forth fully the proceedings and judgment of the court with profert, as follows:

"As by the records and proceedings in said court now remaining, more fully appear, a copy of which record duly authenticated, the plaintiff now here in court produces."

The defendant appeared and filed what he claims to be a plea in bar, which is as follows:

"Comes the defendant, W. P. Egan, by his attorney, and for plea to said plaintiff's bill of complaint says, that there is no such record on file, or exhibited to the court as mentioned in said plaintiff's complaint; of this he prays judgment for costs."

The record entry is, that the cause came on to be heard by the court on the plea of *nul tiel record*, wherefore it is considered and adjudged by the court, that the plea is insufficient in law to bar the plaintiff's action. The defendant interposed no other defense, and judgment was rendered for plaintiff.

Counsel for appellant objects, that as there was no demurrer to the plea, it was irregular for the court to pass upon its sufficiency; that an issue of *nul tiel record* having been tendered, the court should have passed upon the issue of record, or no record. If, in fact, there had been a plea of *nul tiel record* filed, and the sufficiency thereof not raised by demurrer, no question as to the sufficiency of the plea being before the court, no judgment could be passed upon it. But we apprehend that the paper filed as a plea of *nul tiel record* can scarcely be considered such. It neither traverses, nor attempts to traverse, any allegation in the declaration, nor does it deny that there was such record of judgment and recovery as declared upon, but only denies that such record is on file or exhibited.

According to the common law rule of practice, in pleading, the plaintiff was not bound to file the instrument, and could only be made to produce it for the inspection of the defendant, and to furnish him a copy of it, upon his prayer of *oyer* for that purpose. When, says Gould in his work on pleading, ch. 2, sec. 21, "an action is founded upon a deed or other instrument pleaded with profert, before the defendant can be required to plead to the action, he is entitled to *oyer* of the instrument; according to the common law form of pleading, the offer to bring the instrument declared upon into court, is in effect holding it ready to be produced, when, upon *oyer*, required to do so.

By our Civil Code of Practice, sec. 148, the party relying upon a deed or other writing, should (if in his power) file the same with his complaint, and if he failed to do this, it might be re-

quired of him by the court upon motion for that purpose. The proceeding by motion is by our Code of Practice substituted for a common law prayer of *oyer,* the object of both being to bring the instrument declared upon before the court, and before which time the defendant is not required to answer the complaint.

The objection filed by the defendant, that the record sued upon had not been filed, when, in fact, he had neither made prayer of *oyer* under the common law practice, nor moved the court to have the record filed under the Code Practice, was certainly no defense to the action, nor intended to put any allegation of the declaration in issue, and upon motion it should have been stricken out as a nullity, and judgment rendered for want of plea. *Crary* v. *Beebe,* 4 Ark., 206; *Badgett* v. *Martin,* 7 Eng., 743.

In this instance the legal effect of the judgment of the court, that the plea was insufficient, was that it was no defense. The defendant declined to plead further, and judgment was properly rendered *nil dicit* in favor of the plaintiff for the sum demanded in his declaration. Finding no error in the judgment of the Circuit Court, the same is in all things affirmed.