**Paul G. SCHNAARE, Relator,**

v.

**FIVE G'S TRUCKING, INC., Commissioner of Jobs & Training, Respondents.**

No. C4–86–1620.

Court of Appeals of Minnesota.

Feb. 17, 1987.

Thomas B. Aaby, Cannon Falls, for relator.

Charles O. Lentz, Robins, Zelle, Larson & Kaplan, Minneapolis, for Five G's Trucking, Inc.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs & Training.

Considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## MEMORANDUM OPINION

PARKER, Judge.

## FACTS

On March 2, 1986, Paul Schnaare, a truck driver for Five G's Trucking, received a citation for driving while under the influence of alcohol when a police officer discovered him sleeping behind the wheel of a motor vehicle. The incident occurred after working hours, and the vehicle involved was Schnaare's personal automobile. As the result of an ensuing implied consent proceeding, Schnaare lost his driver's license, but received a limited license which permitted him to drive during working hours. Nonetheless, Schnaare was discharged from his driving job after Five G's learned that its insurance coverage would otherwise be cancelled due to Schnaare's receipt of the DWI citation.

Schnaare applied for unemployment compensation, but was denied benefits when a

Commissioner's representative determined that the loss of his driver's license constituted misconduct. At the time of the Commissioner's decision, Schnaare was contesting the criminal DWI charges resulting from the incident.

## DECISION

As we recently observed in *Walseth v. L.B. Hartz Wholesale*, 399 N.W.2d 207 (Minn.Ct.App.1987):

> If we were to conclude that an employee is guilty of misconduct simply because his employer's insurance company refuses to cover him, we would, in effect, delegate to insurance companies the responsibility for determining employee misconduct. We cannot believe such delegation would be proper.

*Id.*, at 209. We see no reason to distinguish the present case from *Walseth*.

The Commissioner characterized Schnaare's driving offense as a more "serious" traffic violation and for that reason concluded that the underlying conduct leading to the loss of insurability constituted misconduct. The Commissioner's representative's comment indicates an assumption that the claimant was guilty of the conduct charged, although he had pled not guilty, was clothed with a presumption of innocence, and was awaiting trial.

Reversed.