A. TENENBAUM COMPANY *v.* DIRECTOR OF LABOR and Terry Thrasher

E 89-88 796 S.W.2d 348

Court of Appeals of Arkansas
Division I
Opinion delivered October 3, 1990

*Gruber Law Firm*, by: *Wayne A. Gruber*, for appellant.

*Allan Pruitt*, for appellee.

JAMES R. COOPER, Judge. The appellee in this unemployment compensation case, Terry Thrasher, was employed by the appellant as a truck driver. On October 4, 1988, while off duty and driving his own automobile, the appellee was charged with driving while intoxicated. He was placed on unpaid leave by his employer the next day. The appellee was awarded unemployment benefits on November 30, 1988. The employer appealed to the Appeal Tribunal, which found that the appellee was discharged for reasons other than misconduct connected with the work. The employer appealed this decision to the Board of Review. Prior to a decision by the Board, the appellee was convicted of driving while intoxicated and the conviction was entered into evidence. The Board affirmed the decision by the tribunal. From that decision, comes this appeal.

For reversal, the appellant contends that the Board erred in concluding that the appellee's off-duty DWI did not constitute misconduct connected with the work, and that the Board's decision is not supported by substantial evidence. We affirm.

Citing *Feagin* v. *Everett*, 9 Ark. App. 59, 652 S.W.2d 839 (1983), the appellant contends that when an off-duty arrest has some nexus with the work and results in harm to the employer the employee has engaged in misconduct as defined by Ark. Code Ann. § 11-10-514 (1987). While it is true that an off-duty arrest may constitute misconduct, the issue of misconduct is a question of fact for the Board of Review, and, on appeal, the Board's findings are conclusive if they are supported by substantial evidence. *Dillaha Fruit Co.* v. *Everett*, 9 Ark. App. 51, 652 S.W.2d 643 (1983). We review the evidence in the light most favorable to the successful party and, even if there is evidence upon which the Board might have reached a different result, we do not substitute our findings for those of the Board even though we might have reached a different conclusion had we made the original determination upon the same evidence. *Grigsby* v. *Everett*, 8 Ark. App. 188, 649 S.W.2d 404 (1983).

The facts are not in serious dispute. The appellant's written policy provided that a driving record which contained a DWI

would render an applicant ineligible for employment or would warrant firing a driver. According to the appellant's fleet supervisor, Robert Forgy, the appellee knew of the policy. Mr. Forgy stated that the reason for the policy was the difficulty in insuring drivers who had been cited for driving while intoxicated and because employing a driver who had been cited for driving while intoxicated left the company vulnerable in lawsuits. However, the record shows that, although the appellant informed the employer that he had been charged with DWI while off duty and that he was going to plead not guilty, there is no indication that the employer asked the appellee whether he had, in fact, been driving while intoxicated, or made any other effort to determine whether the charges had any basis in fact prior to terminating the appellee.

"Misconduct" involves: (1) disregard of the employer's interests, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer. *Feagin* v. *Everett, supra*. Moreover, there is an element of intent associated with a determination of misconduct. Mere inefficiency or poor performance does not, in itself, constitute misconduct: the Board must determine that there was an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design in order to find misconduct. *Id.* at 64, 652 S.W.2d at 842.

Arkansas Code Annotated § 11-10-514 (1987) provides for disqualification for benefits where the employee is discharged for misconduct connected with the work. The reason for the employee's discharge is thus a crucial fact in determining whether the disqualification applies, and the employer's reason must, of necessity, be based on the employer's knowledge at the time of the discharge. The record in this case shows only that the employer knew that the appellee had been cited for DWI and that he intended to plead not guilty at the time the appellee was discharged, and that the mere fact that an employee was cited for DWI would have an adverse effect on the employer. Viewing the evidence, as we must, in the light most favorable to the Board's decision, we think that the Board could reasonably find that the appellee was discharged merely because he had been issued a citation for DWI, without regard to the truth or falsity of the

charge against him. Because there was relevant evidence from which reasonable minds could conclude that the appellee was not discharged because of his conduct, but instead was discharged merely because he had been ticketed for DWI, we hold that the Board did not err in finding that the appellee was discharged for reasons other than misconduct connected with the work. We affirm.

Affirmed.

MAYFIELD, J., agrees.

JENNINGS, J., concurs.

JOHN E. JENNINGS, Judge, concurring. A number of courts have been faced with the issue presented here and the decisions are in conflict. For a comprehensive review of those decisions *see Yardville Supply Co.* v. *Bd. of Review, Dep't. of Labor*, 536 A.2d 324 (N.J. Super. Ct. App. Div. 1988), reversed on appeal in *Yardville Supply Co.* v. *Bd. of Review, Dep't. of Labor*, 554 A.2d 1337 (N.J. 1989). I am persuaded by the reasoning of the Minnesota Court of Appeals in *Schnaare* v. *Five G's Trucking, Inc.*, 400 N.W.2d 762 (Minn. Ct. App. 1987). Furthermore, the question seems to me to be one of law, because the facts are not in dispute. *See Arkansas Employment Sec. Div.* v. *National Baptist Convention, U.S.A., Inc.*, 275 Ark. 374, 630 S.W.2d 31 (1982).