**Jerry M. HILLMAN, Plaintiff–Appellant,**

v.

**ARKANSAS HIGHWAY & TRANS-
PORTATION DEPARTMENT,
Defendant–Appellee.**

**No. 94–1676.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1994.

Decided Oct. 27, 1994.

198

Sammie Strange, Little Rock, AR, argued, for appellant.

Tom Lorenzo, Little Rock, AR, argued (Robert L. Wilson and Calvin Gibson, on the brief), for appellee.

Before McMILLIAN, and MAGILL, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Jerry Hillman (appellant) appeals the district court's[1] decision in favor of his former employer, Arkansas Highway and Transportation Department (Department), in a suit brought under the Veterans' Reemployment Rights Act (Act), 38 U.S.C. § 4301–07. For the reasons stated herein, we affirm.

## BACKGROUND

From May 1973 to January 1981 appellant was employed by the Department as an auditor. Appellant then served two years in the Navy and following his discharge was rehired by the appellee. Following his reinstatement, a dispute arose regarding appellant's compensation and seniority status. The Act requires, *inter alia*, that rehired-veterans be restored to their prior positions without loss of seniority, benefits or compensation. 38 U.S.C. § 4301(a–b). Appellant's supervisor William McDorman (McDorman) believed appellant to have personality and attitude problems and attempted to justify appellant's rate of pay on those grounds. The dispute was

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Division of the District of South Dakota, sitting by designation.

1. Honorable Jerry W. Cavaneau, United States Magistrate Judge, United States District Court for the Eastern District of Arkansas.

ultimately resolved in the appellant's favor in a Department of Labor proceeding.

Evidence exists that during the foregoing dispute, appellant made comments to two co-workers to the effect that he would or could sabotage audit reports and work papers in an effort to embarrass McDorman. When McDorman became aware of the alleged statements an informal hearing was conducted by McDorman's supervisor, Gip Robertson. Appellant was terminated "specifically and strictly" on the basis of his statements regarding sabotage of audits.

Following his termination, appellant applied for unemployment compensation benefits with the Arkansas Employment Security Division (AESD). Benefits are not available to employees terminated for "misconduct" and the Department, citing the threats of sabotage, objected to appellant's application on those grounds. The AESD made a determination that the evidence was not sufficient to establish misconduct and awarded appellant benefits. The Department did not appeal that decision.

Appellant instituted the present action alleging his rights secured by the Act were violated. Specifically, appellant claimed his termination violated 38 U.S.C. § 4301(b)(1)(A), which provides that a veteran shall not be discharged without cause within one year after reemployment. The district court found just cause for the termination to exist, therefore concluding appellant's termination was not prohibited by the Act. Appeal was taken on two grounds.

Appellant first asserts the district court erred as a matter of law in failing to apply the doctrine of issue preclusion to the question of whether the department's termination was for cause. After presenting his evidence to the district court, appellant moved for directed verdict based on the doctrine of "res judicata"[2]. The motion, denied by the district court, was based on the previous decision by the AESD that the appellant was not terminated for misconduct. This court is presented with the question of whether the AESD's decision regarding "misconduct" should have had preclusive effect on the district court on the issue of "for cause" termination under the Act.

## DISCUSSION

■ Under Arkansas law, the four elements of issue preclusion are:

(1) the issue is the same as that involved in a prior litigation;

(2) the issue was actually litigated;

(3) the issue was determined by a valid and final judgment; and

(4) the determination was essential to the judgment.

*National Farmers Union Standard Ins. v. Morgan,* 966 F.2d 1250, 1253 (8th Cir.1992) (citing *East Texas Motor Freight Lines v. Freeman,* 289 Ark. 539, 713 S.W.2d 456, 459 (1986)). Of the four elements, the parties' primary source of contention is the first, i.e., did the AESD's determination regarding "misconduct" under Arkansas state law and the district court's determination of "just cause" under the Veterans' Reemployment Act constitute the "same issue."

■ We are satisfied that because the definitions and legal standards involved in the respective determinations were distinct, the issues were not the same. The district court, citing numerous circuit court decisions, explained what was required to find "cause" under the Act. The court stated:

> The only cause which would warrant discharge would be lack of skill, competence, diligence or loyalty in performance of duties. Discharge can be based upon the veteran's lack of loyalty and cooperation. A veteran must comply with reasonable and ordinarily accepted standards of personal and professional conduct.

Memorandum Opinion and Order at 5 (citations omitted).

This standard is contrasted by decisions construing "misconduct" under the Arkansas

2. There exists some confusion regarding the terminology used to describe former adjudications. It is now generally accepted that the broad "res judicata" phrase encompasses both "claim preclusion" and "issue preclusion" (collateral estoppel). The present action presents circumstances involving issue preclusion and we will utilize that term as the currently-preferred phraseology. 18 Wright, Miller & Cooper, Federal Practice and Procedure, § 4401–02.

Employment Security Law, A.C.A. § 11–10–514(a). While various definitions of the term have been given by Arkansas courts, it appears generally accepted that a finding of misconduct will attach only to conduct evincing "an intentional or deliberate violation [of employer rules], a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design . . ." *A. Tenebaum Co. v. Director of Labor,* 32 Ark.App. 43, 796 S.W.2d 348 (1990), see also, *Shipley Baking Co. v. Stiles,* 17 Ark.App. 72, 703 S.W.2d 465 (1986). While there may be some overlap in the definitions of the respective terms, a greater element of subjective culpability appears to be required for a finding of "misconduct" than that needed to find "just cause" under the Act. We are inclined to agree with the district court that while misconduct would always constitute just cause, the converse is not necessarily true.

The appellant alleges that because the factual determinations needed for findings are the same, the collateral estoppel should have been applied. The appellant's argument misses the mark. While the facts presented in both circumstances may indeed have been the same, the *legal standards* governing the decisions are different. The more exacting standard applied by the AESD prevents the issues from being the same. Because the issues presented in the respective proceedings were different, the district court did not err in refusing to apply the doctrine of issue preclusion.[3]

 The appellant next charges the trial court's ultimate finding that the Department had just cause to discharge the appellant was clearly erroneous. A district court's findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses. Fed.R.Civ.P. 52(a). Under the clearly erroneous standard, reversal is proper only if the decision was "unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." *United States v. Meirovitz,* 918 F.2d 1376, 1379 (8th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 101, 116 L.Ed.2d 71 (1991) (citations omitted).

Based on the record before us, we do not believe the district court's finding of for cause discharge was clearly erroneous. Reasonableness of the discharge is determined by asking whether it was fair to discharge the veteran because of his conduct and whether the veteran had notice, express or fairly implied, that such conduct would be grounds for discharge. *Carter v. United States,* 407 F.2d 1238, 1244–45 (D.C.Cir. 1968). Based on his observation of witnesses and evidence, the trial court answered both questions in the affirmative. Our review of the record reveals no error in these determinations.

Appellant asserts that his termination based on the threats of sabotage was pretextual, that the true reason he was fired was his initial wage claim filed against the Department. This theory was presented to the trial court which determined, based on the evidence, that no pretext was involved and that the Department had just cause to discharge the appellant. The appellant occupied an important position in state government and one demanding trustworthiness. Whether appellant told co-workers he "would" or "could" sabotage audits, or whether or not he was serious, it appears the Department was justified in its concern. Having found the threats to have indeed been made, the trial court did not err in finding the discharge was for cause.

---

3. The Department cites other reasons for upholding the district court's decision not to apply issue preclusion. Chief among them is the fact that the AESD does not employ the Federal Rules of Evidence, Federal Rules of Civil Procedure nor the common law in its proceedings. Additional-ly, the appellant did not plead the AESD's prior determination pursuant to Fed.R.Civ.P. 8(c) or 9(e). Because the Court finds the elements of issue preclusion not to be met, it is unnecessary to comment on these arguments.