Dorothy A. PERRY v. William D. GADDY, Employment Security Department and Arkansas Blue Cross and Blue Shield

E93-251                                    891 S.W.2d 73

Court of Appeals of Arkansas
Division II
Opinion delivered February 1, 1995

*Walker, Roaf, Campbell, Ivory & Dunklin*, for appellant.

*Ronald A. Calkins*, for appellee ESD.

*Chet Roberts*, for appellee Blue Cross and Blue Shield.

JOHN MAUZY PITTMAN, Judge. Appellant appeals the Board of Review's denial of unemployment compensation benefits in accordance with Ark. Code Ann. § 11-10-514 (1987) upon finding appellant was discharged for misconduct in connection with the work. Appellant argues that the decision is not supported by substantial evidence. We affirm.

On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Ark. Code Ann. § 11-10-529(c)(1) (1987); *Perdrix-Wang* v. *Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

Mere inefficiency, unsatisfactory conduct, failure of good performance as a result of inability or incapacity, inadvertence, and ordinary negligence or good faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless they are of such degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interests or of an employee's duties and obligations. *Shipley Baking Co.* v. *Stiles*, 17 Ark. App. 72, 703 S.W.2d 465 (1986).

Appellant testified that she had worked for appellee for twelve years, initially as a claims examiner and then as a claims processor from 1983 to 1993. She maintained an adequate level of performance until 1991. The testimony was that appellant's average error rate in processing claims was 3.7% in 1991 and 4.7% in 1992, which exceeded appellee's requisite 3.0% error rate. Appellant's November 1991 performance review states that she had an average 4% error rate for the previous six months, and her supervisor commented that she felt that appellant had become relaxed or bored with her position. In appellant's October 1992 performance evaluation, her supervisor rated appellant's performance as inadequate. From August 1992 to January 1993 appellant received four warnings prior to her termination in February 1993 for excessive errors.

A mere failure to perform one's job because of an inability to do so is insufficient to establish misconduct for purposes of unemployment insurance. *Id.* Here, appellant had the ability to perform her job as the record states that she worked as a claims processor for ten years, was described by her supervisor in a 1991 evaluation as a "great asset" until her error rate exceeded the 3% standard, and was able to bring her error rate below 3% in August 1992 after an August 17, 1992, reprimand.

In reaching its decision, the Board noted the testimony of appellant's supervisor that appellant made the same mistakes repeatedly and that each time appellant was given instructions for correction of her mistakes. The record indicates that appellant's error rate exceeded the 3% standard seven out of the eight months immediately preceding her termination. Appellant argues that there is no evidence that she intended harm to appellee's interest. The Board held that appellant's recurring negligence established misconduct.

From our review of the record, there is substantial evidence to support the Board's findings and decision. Therefore, we affirm the Board's decision that appellant was discharged from her last work for misconduct in connection with the work.

Affirmed.

JENNINGS, C.J., and COOPER, agree.