Ronald G. SMITH *v.* ARKANSAS EMPLOYMENT
SECURITY DEPARTMENT and Land O Frost, Inc.

E 95-132                                          934 S.W.2d 952

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1996

*Appellant*, pro se.

*Allan Pruitt*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Ronald G. Smith appeals from the May 31, 1995, decision by the Board of Review which found that appellant was discharged from his last work for misconduct connected with the work, resulting in his disqualification for unemployment benefits for a period of eight weeks pursuant to Ark. Code Ann. § 11-10-514(a)(3) (Repl. 1996). Appellant contends on appeal that the Board's decision disqualifying him from benefits is not supported by substantial evidence. We disagree and affirm.

In January 1995, appellant was employed as a truck driver for Land O Frost, Inc. He requested to be off work for two weeks beginning January 22, 1995, so that he could be with his son and

daughter-in-law for the birth of their baby in February 1995. That request was denied by his employer, but appellant was given permission to take one week off after January 27, 1995. Appellant went to California to be with his daughter-in-law anyway, arriving there on January 25. On February 1, 1995, appellant telephoned his employer and informed the manager that he did not believe that he could be back to Arkansas by February 5, the last day of the two-week period. He returned to work on February 10, 1995, but his employer deemed him to have resigned when he did not appear for work the week of January 22, 1995. The Arkansas Employment Security Department denied appellant benefits pursuant to Ark. Code Ann. § 11-10-513 (Repl. 1996), finding that he voluntarily left his last work without good cause connected with the work. Appellant appealed that decision to the Board of Review, resulting in the modification already mentioned whereby appellant was held to have been discharged on account of misconduct connected with the work.

■ On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. *Pendrix-Wang* v. *Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Greenberg* v. *Director*, 53 Ark. App. 295, S.W.2d (1996). Our review is limited to determine whether the Board could reasonably reach its results upon the evidence before it, and we will not replace our judgment for that of the Board even though this court might have reached a different conclusion based upon the same evidence the Board considered. *Sadler v. Stiles*, 22 Ark. App. 117, 735 S.W.2d 708 (1987).

■ Arkansas Code Annotated section 11-10-514(a)(1) (Repl. 1996), provides that an individual shall be disqualified from benefits if he is discharged for misconduct in connection with the work. "Misconduct," for the purposes of unemployment compensation, involves: (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer. *George's, Inc,* v. *Director*, 50 Ark. App. 77, 900 S.W.2d 590 (1995). The element of intent must also be determined when assessing whether or not misconduct has occurred. In *Nibco, Inc.* v. *Metcalf & Daniels*, 1 Ark. App. 114, 613 S.W.2d 612 (1981), this

court stated:

> To constitute misconduct, however, the definitions require more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good faith error in judgment or discretion. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design.

1 Ark. App. at 118, 613 S.W.2d at 614. The issue of misconduct is a question of fact for the Board to determine. *Greenberg v. Director, supra.*

In our opinion, the decision of the Board of Review finding that appellant was discharged from his last work for misconduct in connection with the work is supported by substantial evidence.

■ There was proof in the record before the Board that appellant had requested to be off work for two weeks to be with his daughter-in-law, who was having a baby. There was also evidence that appellant's request was denied as to the first week he wanted off, but that he would likely be permitted to take the second week. Notwithstanding the employer's response, appellant took off both weeks. The Board could find that this conduct constituted an intentional or deliberate disregard of appellant's duties and obligations to his employer. *See George's Inc. v. Director, supra; Perry v. Gaddy,* 48 Ark. App. 128, 891 S.W.2d 73 (1995); and *Nibco, Inc. v. Metcalf & Daniels, supra.*

Appellant was required by Ark. Code Ann. § 11-10-529(a)(2)(A) to state the ground upon which he sought our review of the Board of Review's decision. In his petition for review appellant acknowledged that he had not quit, but had been discharged from his last job. His complaint is that the Board of Review erred in not receiving the additional evidence of the family emergency that he requested to introduce.

■ Assuming, arguendo, that the Board of Review erred in denying appellant's request to introduce into evidence the two letters that he proffered, such error was harmless. One of these letters was from appellant's son and basically stated the same family

information that appellant testified to before the Appeal Tribunal. The other letter was from Dr. Richard L. Alexander, the obstetrician who attended appellant's daughter-in-law. Dr. Alexander stated that appellant's daughter-in-law had "a slightly elevated blood pressure." This could hardly constitute a family medical emergency which would justify an employee to defy an employer's refusal to give the employee time off to be with the expectant daughter-in-law. Consequently, even if the Board of Review should have received these letters into evidence, it did not constitute prejudicial error.

Because the Board's decision is supported by substantial evidence, we affirm.

Affirmed.

PITTMAN and ROGERS, JJ., agree.

MAYFIELD, STROUD and GRIFFEN, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. The Board of Review found that appellant was discharged from his last work for misconduct connected with the work, resulting in his disqualification for unemployment benefits for a period of eight weeks pursuant to Ark. Code Ann. §11-10-514(a)(3) (Repl. 1996). This finding was made despite the admission by appellant's supervisor that the employer considered appellant to have voluntarily quit his job when he failed to report for work the week of January 22-28, 1995, because he had gone to California to be with his pregnant daughter-in-law. Because I am convinced that substantial evidence was not presented to support the finding of misconduct, I would reverse and remand.

The findings of fact made by the Board of Review are conclusive upon judicial review if supported by substantial evidence. *Edwards* v. *Stiles*, 23 Ark. App. 96, 743 S.W.2d 12 (1988); *Reddick* v. *Scott*, 217 Ark. 38, 228 S.W.2d 1008 (1950). Whether the findings of the Board of Review are supported by substantial evidence is a question of law, and the Court of Appeals may reverse a finding of the Board of Review which is not supported by substantial evidence. *Edwards* v. *Stiles, supra.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Perdrix-Wang* v. *Director, Emp. Sec. Dep't*, 42 Ark. App. 218, 856 S.W.2d 636 (1993).

The issue of misconduct is a question of fact for the Board of

Review, and, on appeal, the Board's findings are conclusive if supported by substantial evidence. *A. Tenenbaum Co.* v. *Director of Labor*, 32 Ark. App. 43, 796 S.W.2d 348 (1990). Yet, it is well-settled in Arkansas that there is an element of intent associated with a determination of misconduct. Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence or good-faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interests or of an employee's duties and obligations. *Perry* v. *Gaddy*, 48 Ark. App. 128, 891 S.W.2d 73 (1995).

I would hold that the Board of Review's finding that appellant was discharged because of misconduct in connection with his last work is not supported by substantial evidence. Although the record contains conflicting testimony from appellant and the employer concerning what was said during telephone conversations about his request for time off to be with his son and daughter-in-law, his supervisor testified that appellant phoned him on January 22, 1995, and announced that he was going to California for the birth of his grandchild. The manager testified that he told appellant that his position on the request was unchanged (that appellant was not authorized to be off work), but that if appellant went to California, the decision on his request would be reserved if appellant could document a family emergency. According to the manager, appellant agreed to call back in a week. Appellant phoned on February 1, 1995, ten days afterwards, and stated that the baby had not yet been born. The manager testified that the employer deemed appellant to have quit his job. Indeed, appellant's claim was initially denied on the finding that he voluntarily left his last work without good cause connected with the work.[1]

---

[1] Appellant appealed that determination by the Arkansas Employment Security Department to the Appeal Tribunal which found that appellant was deemed by the employer to have resigned when he did not return to work the week of January 22, 1995, and that the evidence was insufficient to show a personal emergency despite appellant's assertion that his daughter-in-law needed a relative with her in the closing days of her pregnancy. Although appellant's appeal to the Board of Review challenged the determination that he voluntarily left his last work, the Board of Review modified the determination of disqualification by holding that appellant was discharged due to misconduct.

I find nothing in the record that shows where appellant was notified that the basis for his disqualification was being considered as misconduct before the Board of Review issued its decision, nor does the record show that the employer alleged misconduct as the basis for discharge so that appellant would have known or had reasonable notice that evidence on that issue was warranted. There is a material difference in a finding of disqualification because one has voluntarily left the last work without good cause connected to the employment and disqualification due to misconduct related to the work. A worker deemed disqualified due to having voluntarily left work shall continue disqualified until he has been *employed* for at least thirty days covered by an unemployment compensation law of Arkansas, another state, or the United States. Ark. Code Ann. § 11-10-513(a)(2). Disqualification due to misconduct is for eight weeks of *unemployment.* Ark. Code Ann. § 11-10-514(a)(3). Because it does not appear that appellant had an opportunity to present evidence on the misconduct issue, or that he even knew that misconduct was a potential ground on which his claim was being considered for denial, I believe that the Board of Review erred by denying his claim on that basis.

Moreover, the record does not support the finding of misconduct. As previously mentioned, appellant's manager testified that the employer deemed the appellant to have resigned. There is no proof that the employer deemed appellant's absence from work as a manifestation of culpability, wrongful intent, evil design, or an intentional or substantial disregard of the employer's interests or the employee's duties and obligations. Rather, Ernie Ritta (appellant's supervisor) testified that when appellant failed to report for work the week of January 22 through 28, 1995, the employer considered him to have voluntarily quit, conditioned on reconsidering its position if appellant was able to document that his presence in California was necessary due to a family emergency. There was no proof that anything fitting the meaning of misconduct occurred. Therefore, I would reverse the Board of Review and remand this case to it for a ruling not inconsistent with this opinion.

I am authorized to state that Mayfield and Stroud, JJ., join in this opinion.