was an agreement.

Nan B. BLACKFORD *v.* ARKANSAS EMPLOYMENT
SECURITY DEPARTMENT and the National Medical Rental

E 95-227                                                    935 S.W.2d 311

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1996

*Appellant,* pro se.

*Allan Pruitt,* for appellee.

WENDELL L. GRIFFEN, Judge. Nan B. Blackford has appealed the decision of the Arkansas Board of Review concerning her claim for unemployment insurance benefits arising out of her employment with The National Medical Rental of Dardanelle, Arkansas. The Board of Review adopted the decision of the Appeal Tribunal upon the finding that Blackford was discharged from her job with National Medical Rental for misconduct connected with the work, and, therefore, held her disqualified from receiving unemployment benefits for eight weeks of unemployment pursuant to Ark. Code Ann. § 11-10-514(a) (Repl. 1996). Blackford's appeal requires us to determine whether the finding of misconduct connected with the work is supported by substantial evidence. Because we hold that substantial evidence is not present to support the finding, we reverse and remand to the Board of Review so that Blackford's benefits can be awarded.

Appellant was discharged from her position as a customer service representative on May 16, 1995, after having worked for National Medical Rental for eleven years. During the fall of 1994, she began falling behind in her work without apparent cause. She was counseled concerning this problem in January 1995, and her

employer temporarily relieved her of some work duties so that she could bring her paperwork current. However, after appellant became current on the paperwork and resumed her regular workload she again fell behind. The record contains clear proof that appellant's work in customer service had been substandard, including proof that she informed customers on several occasions that items would be delivered when she had not first verified that the items were available.

The proverbial last straw appears to have occurred on May 10, 1995, when appellant directed a delivery driver to a customer's residence in Clinton, Arkansas. The customer was being released from hospitalization on that date, and was supposedly en route home. Although appellant informed the delivery driver about that situation, the customer had not arrived home two and a half hours after the driver arrived to make the delivery. After this incident, appellant was discharged due to poor job performance. Her claim for unemployment benefits was denied on the finding that she had been discharged for misconduct connected with the work.

■ In unemployment compensation cases, the scope of review by an appellate court is governed by the substantial evidence rule. Substantial evidence is defined as such relevant evidence as a reasonable person might accept as adequately supporting the conclusion. *Haig v. Everett,* 8 Ark. App. 255, 650 S.W.2d 593 (1983). Whether the findings of the Board of Review are supported by substantial evidence is a question of law, and the Court of Appeals may reverse a finding of the Board of Review which is not supported by substantial evidence. *St. Vincent Infirmary v. Arkansas Emp. Sec. Div.,* 271 Ark. 654, 609 S.W.2d 675 (Ark. App. 1980).

■ This standard of judicial review requires us to determine whether the Board of Review's finding that appellant was discharged from her last job because of misconduct connected with the work is supported by such relevant evidence as a reasonable person might accept as adequately supporting that conclusion. In doing so, we are guided by the long-standing principle that mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence or good-faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an

employer's interests or an employee's duties and obligations. *Willis Johnson Co.* v. *Daniels*, 269 Ark. 795, 601 S.W.2d 890 (Ark. App. 1980). We have repeatedly stated that misconduct which precludes benefits for unemployment compensation contemplates willful or wanton disregard of an employer's interest as is manifested in the deliberate violation or disregard of those standards of behavior which the employer has a right to expect from its employees. *Sadler* v. *Stiles*, 22 Ark. App. 117, 735 S.W.2d 708 (1987). As we stated in *A. Tennenbaum Co.* v. *Director*, 32 Ark. App. 43, 796 S.W.2d 348 (1990), there is an element of intent associated with a determination of misconduct, and mere inefficiency or poor performance does not, in itself, constitute misconduct. The Board of Review must determine that there was an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design in order to find misconduct. For example, in *St. Vincent Infirmary* v. *Ark. Emp. Sec. Div.*, *supra,* we reversed a finding by the Board of Review that two day care center workers had been discharged for "reasons other than misconduct" where the undisputed proof was that the workers left their workplace without permission during the busy period of the workday, and their absence placed the day care center in violation of regulations concerning the ratio of adult employees to the number of children present. In that case, we concluded that the actions of the discharged employees were intentional and displayed a substantial disregard of the employer's interests as well as their duties and obligations as employees.

This case is fundamentally different. The parties do not dispute that appellant was discharged in the wake of the May 10, 1995, incident when she routed a delivery driver to the home of a customer who had been released from hospitalization, but who was not home two and a half hours after the driver arrived to make the medical supply delivery. Appellant's evidence that she had spoken with the hospital and been informed that the customer was en route home was not contradicted. Appellant informed the delivery driver about the customer's recent release, so it cannot fairly be said that she intentionally withheld information vital to the employer's interest, or that she was deliberately inefficient, or guilty of such negligence as to be deemed in deliberate violation of the employer's rules. Indeed, it is difficult to fathom how appellant could have been more dutiful in the situation, considering that the customer apparently desired or needed the ordered item shortly after being

released from the hospital.

◼ Based upon our review of the record consistent with the substantial-evidence standard, we hold that the Board of Review's decision that appellant was discharged from her last job because of misconduct connected with the work is not supported by substantial evidence. Therefore, we reverse that decision, and remand the case to the Board of Review so that an order can be issued granting appellant's unemployment benefits.

Reversed and remanded.

ROBBINS, STROUD, and NEAL, JJ., agree.

PITTMAN and ROGERS, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. I dissent from a reversal of the Board's decision because it represents a departure from our standard of review. The focus of the Board's finding of misconduct was on the recurring deficiencies in appellant's performance of her duties over an extended period of time. As stated by the majority, misconduct can be found when the failure of good performance is of such a degree or recurrence as to manifest an intentional disregard of the employer's interest. That is what the Board found to constitute misconduct in this case. While the majority recognizes that the final delivery incident was the "last straw," it treats this as an isolated incident rather than the last occurrence in a series of events demonstrating unsatisfactory performance in all of her duties. By focusing on this one incident involving one aspect of her duties, the majority has succumbed to the temptation of substituting its judgment for that of the Board in a misguided effort to decide this case as if it were the trier of fact. That this is so is further demonstrated by the majority's mention of only the decision of the Board, but not the findings of fact made by the Board in support of that decision.

It is for the Board to translate the evidence before it into findings of fact, and it is our function, upon review, only to determine whether those findings are supported by substantial evidence. As noted by the Board in its findings, appellant, a long-term employee, possessed the demonstrated ability to do her job, but for reasons appellant did not explain (in her "uncontradicted" testimony), her performance declined and continued on a downward slope despite the warnings and the opportunities afforded by her

employer to improve her performance. Thus, the Board reasoned that this was not a case of mere inefficiency or the failure of good performance as the result of inability, but rather a case where the evidence revealed a pattern of poor performance of such a degree as to manifest an intentional disregard of her employer's interest.

This case is similar to *Perry* v. *Gaddy*, 48 Ark. App. 128, 891 S.W.2d 73 (1995), in which we affirmed the Board's finding of misconduct when a ten-year employee, who had a proven ability to perform the job, inexplicably and recurrently over a period of time began to fail to meet the employer's minimal standards.

Whether an employee's acts are willful or merely the result of unsatisfactory conduct or unintentional failure of performance is a fact question for the Board to decide. *Rucker* v. *Director*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). The Board's denial of unemployment compensation based on a finding of misconduct is fully supported by substantial evidence and should be affirmed.

ROGERS, J., joins in this dissent.