WASHINGTON REGIONAL MEDICAL CENTER *v.* DIRECTOR, Employment Security Department, and Debbie L. Hamilton

E 97-160                                                    979 S.W.2d 94

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered November 4, 1998

*Burke & Eldridge, P.A.*, by: *Thomas J. Olmstead*, for appellant.

*Phyllis Edwards*, for appellees.

Olly Neal, Judge. Washington Regional Medical Center (WRMC) appeals the decision of the Board of Review that Debbie Hamilton was not disqualified from receiving unemployment compensation benefits. WRMC argues that appellee's failure to obtain certification as a respiratory therapist from the Arkansas State Medical Board amounted to misconduct. We disagree and affirm.

The relevant facts are these. The appellee was employed in several different capacities by WRMC from March 31, 1986, until January 1, 1997. She worked as a respiratory therapist from 1994 until her termination on January 1, 1997. In 1995, the General Assembly passed legislation that made it necessary for individuals

employed as respiratory therapists to obtain a license from the Arkansas State Medical Board authorizing the individual to practice respiratory care in the state. *See* Ark. Code Ann. § 17-99-301 (Repl. 1995). The appellee took the certification examination in November 1996 and failed to receive a passing score. Appellee was able to obtain a temporary license on at least two occasions. The last temporary license expired on December 30, 1996. According to WRMC, appellee was informed that if she did not obtain a license by December 30, 1996, she would no longer be employed there. Appellee indicated that she inquired as to whether she could transfer to another department. There was disputed testimony as to whether appellant's representatives offered to place appellee in another position, or whether she inquired of other employment opportunities with her employer. On December 26, 1996, appellee was away from work on sick leave. On December 30, 1996, her temporary license expired. On January 7, 1997, appellee received a letter dated January 3, 1997, from WRMC that informed her of the need to seek other employment as of January 1, 1997.

WRMC contends that appellee was terminated because of the legislation that required that she become certified and her failure to successfully obtain the requisite certification. WRMC asserts that this case presents an issue of first impression, as it involves the issue of whether an employee's failure to obtain a governmental license constitutes misconduct warranting a denial of unemployment compensation. WRMC cites several cases from other states that have upheld the denial of unemployment compensation for failure to obtain a required license. *See DiClemente v. Hudacs,* 616 N.Y.S.2d 678 (1994); *Richardson v. Employment Sec. Com'n,* 593 So. 2d 31 (Miss. 1992); *Pisarek v. Unemp. Comp. Bd. Of Review,* 532 A.2d 54 (Pa. Cmwlth. 1987); *Jones v. Unemp. Comp. Bd. Of Review,* 518 A.2d 1150 (Pa. 1986). Each of the cases cited by appellant can be easily distinguished from the case at bar.

In *Pisarek, supra,* the claimant had been employed for thirteen years as a physician's assistant when he was fired for not being properly certified. The decision to deny the claimant unemployment compensation benefits was based upon the claimant's admis-

sion that he was aware that he needed to obtain certification to work as a physician's assistant, but that he did not make any effort to obtain a license.

The claimant in *DiClemente, supra,* allowed his emergency medical technician (EMT) certification to expire, and failed to renew his certification after he had been informed that he needed the EMT certification to remain employed. The decision that he was not eligible for unemployment compensation benefits was based upon the finding that such conduct amounted to misconduct.

In *Williams, supra,* the claimant was employed as a pest-control serviceman. The performance of his duties required that he possess a valid driver's license and safe driving habits. The claimant's license was suspended because he failed to pay outstanding fines. His employment was terminated because the employer's insurer would not provide coverage for him. The Unemployment Compensation Review Board held that he was not entitled to unemployment compensation because of his willful misconduct in failing to pay fines.

In *Jones, supra,* the claimant was a teacher who was dismissed for failure to complete enough credits to obtain a teaching certificate. The Board found that appellant was terminated through her own fault, where the evidence revealed that she voluntarily delayed completing the required course work.

In the present case, appellee's failure to obtain certification was not the result of her failure to perform a required act, but rather was the result of her inability to obtain a satisfactory score on the licensing examination.

Although appellant argues that we should examine the manner in which other jurisdictions have addressed the issue of whether the failure to obtain a license required for employment precludes an award of unemployment compensation benefits, we believe that our present law provides an adequate means of addressing this issue. The issue of what factors constitute misconduct connected with the employee's work has long been resolved by this court. *See Clark v. Director,* 58 Ark. App. 1, 944 S.W.2d

862 (1997); *Rollins v. Director*, 58 Ark. App. 58, 945 S.W.2d 410 (1997); *Dray v. Director*, 55 Ark. App. 66, 930 S.W.2d 390 (1996); *Perry v. Gaddy*, 48 Ark. App. 128, 891 S.W.2d 73 (1995); *Edwards v. Stiles*, 23 Ark. App. 96, 743 S.W.2d 12 (1988).

■ ■ "Misconduct," for purposes of unemployment compensation, involves: (1) disregard of the employer's interest; (2) violation of the employer's rules; (3) disregard of the standards of behavior which the employer has the right to expect; and (4) disregard of the employee's duties and obligations to her employer. *Kimble v. Director*, 60 Ark. App. 36, 959 S.W.2d 66 (1997). There is an element of intent associated with a determination of misconduct. *Id.*

As we explained in *Perry, supra*:

> Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence, or good-faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or intentional or substantial disregard of an employer's interest or of an employee's duties and obligations.

48 Ark. App. 128, 891 S.W.2d 73 (1995).

■ ■ The issue of misconduct is a question of fact for the Board of Review to determine. On appeal, the findings of fact made by the Board are conclusive if they are supported by substantial evidence. *George's Inc. v. Director*, 50 Ark. App. 77, 900 S.W.2d 590 (1995). Substantial evidence is defined as such evidence as a reasonable person might accept as adequately supporting a conclusion. *Rucker v. Director*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993).

■ In the case at bar, appellee had been employed as a respiratory therapist by WRMC since 1994. WRMC notified appellee of the need to obtain certification after the legislation passed. Appellee testified that she studied and prepared to the

best of her ability in preparation for taking the examination. Therefore, appellee's failure was not the result of a conscious or deliberate disregard of her employer's interests. Here, where appellee has taken affirmative steps to procure required certification, we cannot say that her inability to pass the certification examination amounts to misconduct under our existing law.

Affirmed.

PITTMAN, AREY, ROGERS, and GRIFFEN, JJ., agree.

CRABTREE, J., dissents.

TERRY CRABTREE, Judge, dissenting. In this case of first impression for the State of Arkansas, the majority holds that an employee, who is terminated because of her failure to attain certification required by law, has not engaged in "misconduct," and is therefore entitled to unemployment benefits. I disagree.

Debbie Hamilton began working for appellant in 1986, first as a phlebotomist, and then, from 1994 until her termination on January 1, 1997, as a respiratory assistant. As the majority opinion correctly points out, our General Assembly passed legislation in 1995 requiring individuals engaged in the practice of respiratory care to obtain a license from the Arkansas State Medical Board ("Medical Board"). See Ark. Code Ann. §§ 17-99-301 & 302 (Repl. 1995). In order for a license to be issued, Hamilton, like other similarly situated respiratory care therapists, was required to pass certification examinations.

After having failed to achieve the minimum passing score on a prior occasion, the Medical Board informed appellee in writing, on November 8, 1996, that she needed to pass the examination by December 30, 1996, the expiration date of her second temporary license. Hamilton prepared for this exam but again failed to achieve the minimum score necessary for certification.

Appellant also received a letter from the Medical Board, informing it that it would be in violation of the laws of this State should it continue to employ Hamilton as a respiratory therapist

after December 30, 1996. Our statutory law is clear on this point, "[i]t shall be unlawful for any person to practice respiratory care or to profess to be a respiratory care practitioner . . . without first obtaining . . . a license authorizing the person to practice respiratory care in this state." Ark. Code Ann. § 17-99-301(a) (Repl. 1995). Faced with no other alternatives, appellant terminated Hamilton on January 1, 1997.

Appellant contends that Hamilton's failure to pass the required examinations for state respiratory care licensure amounts to misconduct under Ark. Code Ann. § 11-10-514(a)(1). I agree.

On appeal, we are not limited to a "rubber stamp" review of decisions arising from the Board of Review. Instead, where we have reviewed cases involving "misconduct" and found insubstantial evidence to support the findings of the Board, we have not hesitated to reverse. *See, e.g., Rollins v. Director*, 58 Ark. App. 58, 945 S.W.2d 410 (1997) (the claimant's use of "harsh and provocative" words held to have not risen to the level of misconduct); *Blackford v. Arkansas Employment Sec. Dept.*, 55 Ark. App. 418, 935 S.W.2d 311 (1996) (claimant did not intentionally withhold information vital to the employer's interest, nor deliberately inefficient, nor guilty of such negligence as to be deemed in deliberate violation of the employer's rules); *Carraro v. Director*, 54 Ark. App. 210, 924 S.W.2d 819 (1996) (claimant's actions did not amount to misconduct); and, *Grace Drilling Co. v. Director*, 31 Ark. App. 81, 790 S.W.2d 907 (1990) (holding that employee's actions constituted misconduct).

Furthermore, this Court has held illegal conduct to be appropriate grounds for a finding of misconduct. *See A. Tenenbaum Co. v. Director of Labor*, 32 Ark. 43, 796 S.W.2d 348 (1990); *Feagin v. Everett*, 9 Ark. App. 59, 652 S.W.2d 839 (1983). Here, Hamilton would have violated the laws of this State had she continued to practice respiratory care. Appellant could have been held accountable for this illegal conduct should it have continued to employ Hamilton.

Citing *Kimble v. Director*, 60 Ark. App. 36, 959 S.W.2d 66 (1997), the majority provides four factors to be considered in determining whether an employee was engaged in "misconduct," (1) disregard of the employer's interest; (2) violation of the employer's rules; (3) disregard of the standards of behavior which the employer has the right to expect; and (4) disregard of the employee's duties and obligations to her employer. The majority also cites intent as a critical element to be associated with a finding of "misconduct."

It is on this element, intent, that I beg to differ with the majority. The majority contends that Hamilton did her best to pass the necessary examinations, but could not. Therefore, the majority posits, Hamilton lacked the intent to act against the employer's interest. It is my position, however, that whenever continued employment would result in a violation of the laws of this State, that, in every case, there should be a finding of misconduct.

Finally, I would agree with those cases from other jurisdictions, cited by appellant, which have made the determination that the failure to obtain the necessary state licensure equates to misconduct. *See, e.g., DiClemente v. Hudacs*, 616 N.Y.S.2d 678 (1994) (EMT denied unemployment benefits on the basis of misconduct due to his failure to obtain EMT certification); *Pisarek v. Unemployment Comp. Bd. Of Rev.*, 532 A.2d 54 (Pa. Cmwlth. 1987) (physician's assistant denied unemployment benefits because of the failure to obtain certification); *Richardson v. Employment Sec. Com'n.*, 593 So.2d 31 (Miss. 1992) (detoxification specialist denied benefits due to misconduct associated with the employee's failure to maintain a valid driver's license after his license was suspended for driving without liability insurance).