## KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Excello Shirt Factory, Appellants,

v.

## Anna Mae SPRINGER, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1969.

Paul E. Tierney, Frankfort, Joe Nagle, Denham, Ralston & Nagle, Middlesboro, for appellants.

Daniel Tribell, Middlesboro, for appellee.

CULLEN, Commissioner.

Anna Mae Springer quit her job with the Excello Shirt Factory and thereafter applied for unemployment compensation benefits. After a hearing the Kentucky Unemployment Insurance Commission found that she had voluntarily quit suitable employment without good cause and therefore was disqualified from benefits for the duration of her unemployment, under KRS 341.370(2) (c). Anna appealed to the Bell Circuit Court which, "after having considered the administrative record filed herein, and being advised," entered judgment setting aside the order of the commission and directing that benefits be paid to Anna. The commission has appealed from that judgment.

The circuit court made no findings or conclusions, but apparently was of the opinion that the evidence upon the hearing before the commission showed conclusively either that Anna had quit for good cause or that the job she had held was not suitable. Of course the court could not properly disturb the commission's findings of fact

**502**

if they were supported by substantial evidence. Brown Hotel Company v. Edwards, Ky., 365 S.W.2d 299. So the question in this court is simply whether the findings of fact by the commission were supported by substantial evidence.

Anna's employment was as a dispatch clerk, her principal duties being to arrange finished garments for shipment, by order numbers, and prior thereto to see that repairs found necessary by the inspectors were made. Her testimony before the commission was to the effect that her superiors continued to add to the amount of work required of her so that it became more than one person could handle, wherefore she quit. However, even from the written report of her testimony one can gain the definite impression (which might have been even more definite by personal observation of the witness as she testified) that she was of neurotic tendencies, she exaggerated the burdens of her job, and there was no real basis for many of her complaints. Of significance is the fact that she said she had complained a number of times to the union steward without achieving any results.

The testimony of the employer's personnel director was that the work assigned to Anna was not more than reasonably could be handled by one person, that Anna had two trainee assistants, and that her workload had not been continually increased. This testimony had the quality of substantial evidence.

Anna's counsel points to a statement by the personnel director, in her testimony, that "two girls are doing the work Anna did," and argues that this alone shows that Anna's workload was so heavy as to make the job unsuitable and to give her cause for quitting. We think the statement does not have the overwhelming effect contended for, because (1) in context, it very well may have meant that only two girls were doing the kind of work that Anna had done, whereas Anna had two helpers (making a total of three workers) when she was doing the work; and (2) the personnel director testified that there had been an increase in production after Anna left, so there was more work to be done.

It is our conclusion that the findings of fact by the commission were supported by substantial evidence; therefore, the circuit court erred in setting aside the order of the commission.

The judgment is reversed with directions to enter judgment affirming the order of the Unemployment Insurance Commission.

All concur.