**KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION et al.,
Appellants,**

v.

**Millard DAY, Appellee.**

Court of Appeals of Kentucky.

March 13, 1970.

Paul E. Tierney, James G. Childers, Frankfort, for appellants.

William D. Gregory, Mt. Vernon, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment reversing the Unemployment Compensation Commission which had ruled appellee was not entitled to unemployment compensation benefits.

Prior to August 28, 1967, appellee, who had training in the wood-working trade, was employed by appellant Boone Boy Industries, Inc. He was laid off at that time when the plant closed down to change its production methods. On September 17,

1967, appellee filed his claim. A few days later he was notified to return to work September 25. He did not show up. Later he went to Boone's office and was told to report for work October 22. He has not been back.

Appellee gave two reasons why he did not return to his former job. One was that the furniture assembly method had been changed and he did not think he could do the work satisfactorily. The other reason was that he would rather be on the "Happy Pappy" program.

Appellants take the position that, even though appellee had been temporarily laid off, he was still considered an employee and when he refused to return to work he had left it "voluntarily without good cause". This is a disqualification under KRS 341.370(2) (c). In Unemployment Insurance Comm. v. Cochran Foil Co., Ky., 331 S.W.2d 903 (1960), an employee had been laid off indefinitely, and she moved to Texas. Subsequently she was notified to return to work, which she refused to do. It was held that since the employee had not sought unemployment benefits and had not advised the employer that she was terminating her employment contract (it was a union contract), she would be considered in the status of an employee. Therefore, her refusal to return to work was tantamount to voluntarily leaving work without good cause. While appellee's situation in the present case is not exactly comparable to that of the employee in the above case, we think the basic principle involved is applicable.

■ It is evident the employer considered appellee as remaining in the employee class even though he had been temporarily laid off during a change-over in a production process. When he declined to return to his former job, he was in effect leaving "his most suitable work voluntarily without good cause". The reasons given by him, which constitute no more than a disinclination to work, would not be "good cause". The burden was on appellee to make such a showing. Broadway & Fourth Avenue Realty Co. v. Allen, Ky., 365 S.W.2d 302 (1963). The Board was certainly justified in finding against him. See Kentucky Unemployment Ins. Comm. v. Springer, Ky., 437 S.W.2d 501 (1969).

■ As further fortifying the Board's finding, we call attention to KRS 341.-350(4). In substance it provides that an unemployed worker is entitled to benefits *only* if he is available for suitable work and is "making such reasonable effort to obtain work as might be expected of a prudent person under like circumstances". Appellee was offered a job in a factory where he had been satisfactorily working in a trade for which he was trained. To reject such employment on some subjective notion that he could not satisfactorily do the work (without even trying it), and on the ground he would rather have an easier welfare-type job, is not making a reasonable effort to obtain work.

The program under which appellee was employed was designed to get people off relief and furnish them gainful employment. The fact that a person does not prefer gainful employment presents no legally recognizable reason why employers and taxpayers should reward him for not working. The noncooperative inclinations of appellee shown here do not create a right to unemployment compensation. Under the principle of the Cochran Foil case, and under the provisions of KRS 341.-350(4), the Board properly found appellee was disqualified and ineligible to receive unemployment compensation benefits.

The judgment is reversed.

All concur.