CITY OF LANCASTER, Appellant,

v.

William C. TRUMBO, Jackie Trumbo, William Linton and James Humber, Appellees.

CITY OF LANCASTER, Appellant,

v.

William C. TRUMBO, Jackie Trumbo, William Linton, James Humber and Kentucky Unemployment Insurance Commission, Appellees.

Court of Appeals of Kentucky.

July 22, 1983.

Case Ordered Published By Court of Appeals Dec. 16, 1983.

James S. Sanders, Lancaster, for appellant.

Jackie Aubrey, Appalachian Research & Defense Fund of Ky., Inc., Richmond, Mark Morgan, Danville, Dennis McKiernan, Cabinet for Human Resources, Frankfort, for appellees.

Before HOGGE, LESTER and MILLER, JJ.

HOGGE, Judge:

The two appeals now before us are being heard together as both grew out of the same set of facts. The appellees William Trumbo, Jackie Trumbo, William Linton, and James Humbler, were dismissed from their employment with the City of Lancaster after they refused to perform the additional task of cleaning up the public square. The appellees' application for unemployment insurance benefits was denied on the grounds that they had been discharged for acts of misconduct by reason of the refusal of the assigned duty. The appellees filed proceedings in Garrard Circuit Court seeking review of the decision of the Unemployment Insurance Commission denying benefits and of the action of the City Council dismissing them from employment. On May 6, 1982, the Garrard Circuit Court determined that the City Council had acted arbitrarily and capriciously in depriving the appellees of their employment, and that they should be restored to their positions. A motion for new trial was denied. On August 16, 1982, a judgment was entered by the Garrard Circuit Court reversing the decision of the Unemployment Insurance Commission on the grounds that it was not supported by substantial evidence. The proceedings now before us are appeals from the decisions of the Garrard Circuit Court.

The first issue raised by the appellant in its brief challenging the circuit court decision as to dismissal pertains to jurisdiction. It is contended that, absent due process violations, the circuit court had no jurisdiction to hear the appeal as there was no statute granting a right of appeal.

A city is an agency of the state for purpose of government within a limited territory, *City of Hazard v. Duff,* 287 Ky. 427, 154 S.W.2d 28 (1941); 56 Am.Jur.2d *Municipal Corporations* § 23. In its capacity as an administrative agency, its decisions are subject to judicial review as to their arbitrariness and capriciousness even in the absence of a statute specifically granting the right of appeal, *Hatch v. Fiscal Court of Fayette County,* Ky., 242 S.W.2d 1018 (1951); *Jasper v. Commonwealth,* Ky., 375 S.W.2d 709 (1964). [There is no appeal, from actions of a city council which are legislative in character, such as the wisdom of deciding to adopt a particular ordinance. *See Harrison's Sanitarium v. Commonwealth, Department of Health,* Ky., 417 S.W.2d 137 (1967); 1 Am.Jur.2d *Administrative Law* § 58]. We hold that the Garrard Circuit Court had jurisdiction over the appellee's appeal from their dismissal.

In this case the circuit court held that the council acted arbitrarily and capriciously in depriving the appellees of their employment. Unless an action taken by an administrative agency is supported by substantial evidence, it is arbitrary and capricious, *American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission,* Ky., 379 S.W.2d 450 (1964); 2 Am.Jur.2d *Administrative Law* § 620. If there is any substantial evidence to support the action of an administrative agency, the action cannot be found to be arbitrary. *Taylor v. Coblin,* Ky., 461 S.W.2d 78 (1970).

In this case there is substantial evidence in the record to support the council's finding of grounds for dismissal. There is evidence indicating that due to operating expense problems, that the city laid off a 73-year-old part-time employee who had picked up refuse around the city's public square. The four appellees, who constitute the sanitation department of the City of Lancaster, were asked to take over this function. They repeatedly refused, stating that others should be used for the job; that it was extra work and would interfere with their regular duties; that

there were traffic problems; and that garbage trucks on the square would hinder potential customers. There was testimony that the elderly gentleman who had previously done this job had performed it in approximately an hour on most days, and that the appellees frequently completed their regular collection routes with around an hour of working time remaining. There was also evidence that one of the councilmen had asked the appellees to just "try it" but they had refused. The council could have properly concluded that the advisability of having garbage trucks on the square in the morning or the question of how to allocate tasks among the various city departments were matters for the Mayor and City Council to consider, and were not decisions to be made by its employees absent delegation of such duties. There was evidence in the testimony before the council to support a finding that the assignment was not an unreasonable one and that there were in fact grounds for dismissal for refusal to perform the task.

We are aware of the fact that prior to the incidents surrounding the new assignment, the appellees had apparently rendered satisfactory service over a period of years, and that there is conflicting evidence in the record as to such matters as the amount of time required to handle the regular collection routes. However, if there is substantial evidence in the record to support an agency's findings, those findings should be upheld on appeal even though there may be conflicting evidence in the record. *Kentucky Commission on Human Rights v. Fraser*, Ky., 625 S.W.2d 852 (1981). The judgment of the circuit court ordering the reinstatement of the appellees must therefore be reversed.

 The central issue in the other appeal before us is whether the circuit court erred in failing to find substantial evidence to support the finding that the appellees had been discharged for misconduct. An employee is obligated to render loyal, diligent, faithful and obedient service to his employer and failure to do so is a disregard of the standards of behavior which the employer can expect of his employee. *Brown Hotel Company v. White*, Ky., 365 S.W.2d 306 (1963). There is no right to reject the tasks of employment on the basis that work methods have changed and the employee suspects (without trying it) that he will be unable to satisfactorily do the new assignment. *Kentucky Unemployment Insurance Commission v. Day*, Ky., 451 S.W.2d 656 (1970). Where an employee manifests an intent to disobey the reasonable instructions of his employer, the denial of unemployment compensation benefits on the basis of misconduct is proper. *Brown Hotel Company, supra;* 76 Am.Jur.2d *Unemployment Compensation* § 55. There was substantial evidence in the record which indicates that the order to clean the public square in this case was within the appellees' ability to perform and would not result in any undue hardship and was, in essence, a reasonable request. It is undisputed that when the subject was first brought up, they refused to do so, and they have continued in that refusal. We hold that there was substantial evidence in the record to support the action of the Unemployment Insurance Commission in holding that the appellees were disqualified under the provisions of KRS 341.370 on the grounds of discharge for misconduct.

The judgments of the Garrard Circuit Court in each of the appeals involved in this proceeding are reversed, and the cases are remanded for further proceedings consistent with this opinion.

All concur.