John HICKS, Plaintiff–Appellant,

v.

**FLOYD COUNTY BOARD OF EDUCATION, Defendant–Appellee.**

No. 02–6518.

United States Court of Appeals, Sixth Circuit.

May 14, 2004.

Wolodymyr Cybriwsky, Law Offices of Wolodymyr Cybriwsky, Prestonsburg, KY, for Plaintiff–Appellant.

Michael J. Schmitt, Jonathan C. Shaw, Porter, Schmitt, Jones & Banks, Paintsville, KY, for Defendant–Appellee.

Before BOGGS, Chief Judge; and NELSON and SUTTON, Circuit Judges.

PER CURIAM.

Following a jury verdict for defendant Floyd County Board of Education (the "Board") in this sex-discrimination action, plaintiff John Hicks appeals based on the district court's denial of his motion for summary judgment, and its disposition of both parties' motions in limine to exclude evidence. We affirm.

## I

John Hicks was a special education teacher in the Floyd County school system for twelve years, most recently at the South Floyd Middle School. He was discharged in October 1999 because, during state-mandated testing, he provided students with unauthorized accommodations and answers to test questions. He later demanded an administrative hearing, at which he was represented by counsel. At this hearing, the Board agreed to reinstate Hicks temporarily and to let him finish out the 1999–2000 school year as a homebound-students' teacher, in exchange for his voluntary resignation at the end of that year.

During this period, Hicks filed a grievance with the Board claiming sex discrimination. The Board found his claim to be meritless. Hicks later filed an unsuccessful charge of discrimination with the Equal Employment Opportunity Commission and the Kentucky Commission on Human Rights. Finally, Hicks timely brought this action, claiming sex discrimination under 42 U.S.C. § 2000e ("Title VII") and (presumably by way of 42 U.S.C. § 1983) under the Fifth and Fourteenth Amendments' guarantees of equal protection.

Before bringing this action, Hicks was awarded unemployment insurance benefits by the appellate division of the unemployment insurance commission of the Kentucky Workforce Development Cabinet. The Board was not represented by counsel at that hearing. In a written decision on October 26, 2000 (the "Referee Decision"), the appellate referee accepted Hicks's version of the facts underlying his resignation, and found that he had been unfairly forced to leave.

The substance of Hicks's claims in the district court was that he, unlike similarly situated women, was consistently denied opportunities and teaching materials, and that the administrative charges against him were trumped up in retaliation for his complaints about this unfair treatment. This is essentially the version of the facts found in the Referee Decision.

At trial of this matter in the district court, Hicks moved for partial summary judgment as to the facts established in the Referee Decision. The district court denied the motion, and the Board was allowed to present evidence to refute Hicks's story of discrimination. The district court also granted the Board's motion in limine to exclude the Referee Decision, and denied in part Hicks's motion in limine to exclude certain evidence proffered by the Board. The jury returned a verdict for the Board. Hicks moved for judgment notwithstanding the verdict, which was denied, and he now seeks a new trial on the grounds that he was unduly prejudiced by the district court's disposition of the three pre-trial motions described.

## II

We review the district court's denial of summary judgment based on pure issues of law de novo. Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir.1993).

The Referee Decision held that Hicks had no reasonable choice but to resign, because, it found, he had been treated unequally to the other teachers, the Board had refuted his allegations only by hearsay evidence, and Hicks had not given test answers to his students or assisted them

more than was proper considering their individual handicaps. If these findings had been given preclusive effect as Hicks sought, they would have dramatically changed the tenor of this action.

A federal court generally gives the same preclusive effect to the findings of a state administrative agency, acting judicially in a proceeding where the parties had a full opportunity to litigate the issue, as would be given by courts of that state. *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). Such findings, however, do not have issue-preclusive effect upon Title VII claims. *Id.* at 796. It is unclear whether this Title VII exception, which supports Congress's two-step administrative-judicial scheme for redress of discrimination, applies when the prior administrative proceeding is not directly concerned with discrimination, as here. 18B Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure; Jurisdiction § 4471.3 (2002). We need not reach that question in this case, because state administrative findings do have the same preclusive effect as in the forum state as to claims brought under 42 U.S.C. § 1983. *Elliott*, 478 U.S. at 799. Hicks brings a claim apparently under § 1983, so we shall determine at least as to that claim whether a Kentucky court would preclude the Board's defense to the issues decided by the Referee.

■ The district court correctly relied on *Berrier v. Bizer*, 57 S.W.3d 271, 281 (Ky.2001) in holding that the Referee Decision had no preclusive force. In that sex discrimination case, the Kentucky Supreme Court held that the finding of the Kentucky unemployment insurance commission, that the plaintiff had been discharged without good cause, did not collaterally estop the plaintiff's ex-employer from asserting the opposite. The Kentucky Court cited two reasons: Kentucky's

remedial scheme (like Title VII, and unlike § 1983) expressly allows the plaintiff to continue in court after an unsuccessful administrative hearing; and the informal procedures of an unemployment hearing do not allow a "realistically full and fair opportunity to litigate the issue." *Ibid.* Indeed, turning an unemployment hearing into a forum for thorough exploration of such issues would defeat the purpose of providing fast, cheap resolution of unemployment claims. *Ibid.* The Kentucky Court particularly emphasized that the employer, as here, was not represented by counsel at the hearing. *Ibid.* This case is on all fours with *Berrier*.

### III

We reverse a jury verdict based on a district court's evidentiary rulings only if there was abuse of discretion that caused more than harmless error. *Argentine v. United Steelworkers of America*, 287 F.3d 476, 486 (6th Cir.2002). Hicks claims there was error as to the district court's disposition of both his and the Board's motions in limine.

■ Hicks sought to introduce the Referee Decision. Evidence is admissible only if relevant, and only if the relevance is not substantially outweighed by the prejudicial effect. Fed.R.Evid. 401, 403. Hicks does not explain what, in his view, the relevance of the Referee Decision is. Instead, he reiterates his contention that the contents of this exhibit have preclusive force. They do not, and they have no relevance: the referee's opinions as to facts which were to be determined by the jury could not make those facts more or less likely. The district court did not commit error in excluding the Referee Decision.

■ Hicks objected and continues to object to the admission of fifteen of the Board's exhibits. But Hicks neglected to include in the record copies of the disputed

exhibits, with one exception, or even to identify them. This court cannot find error without this information, which Hicks was responsible for providing. Fed. R.App. P. 10; *United States v. Johnson*, 584 F.2d 148, 156 n. 18 (6th Cir.1978). The sole disputed exhibit Hicks identifies is the agreement settling his grievance with the Board. This evidence is clearly very relevant, as it shows the circumstances of Hicks's resignation, and Hicks does not explain how it could have unduly prejudiced his case. There was no error here.

## IV

Hicks's contention that he should have been allowed to use the Referee Decision against the Board in this action is unfounded. His renewed objections to the admission of evidence cannot be entertained on the record he provided. For these reasons, we AFFIRM the district court's grant of judgment on the verdict.