**Betty G. RUNNER, Appellant,**

v.

**COMMONWEALTH of Kentucky, et al.; Kentucky Unemployment Insurance Commission; Department of Workforce Development and Investment; Education Cabinet; Cabinet for Health and Family Services, Commission for Children with Special Health Care Needs (CCSHCN); Kentucky Office Unemployment and Training; and Division of Unemployment Insurance, Appellees.**

No. 2009–CA–001245–MR.

Court of Appeals of Kentucky.

July 2, 2010.

As Modified Sept. 24, 2010.

Betty Runner, Louisville, KY, pro se.

D. Brent Irvin, Frankfort, KY, for appellee Cabinet for Health and Family Services, Commission for Children with Special Health Care Needs.

Patrick B. Shirley, Frankfort, KY, for appellee Kentucky Unemployment Insurance Commission.

Before DIXON and NICKELL, Judges; LAMBERT,[1] Senior Judge.

## OPINION

DIXON, Judge:

Appellant, Betty Runner, appeals *pro se* from a judgment of the Jefferson Circuit Court upholding the Kentucky Unemployment Insurance Commission's decision to deny her claim for unemployment insurance benefits. Finding no error, we affirm.

On March 20, 2008, Appellant was terminated from employment with the Cabinet for Health and Family Services, Commission for Children with Special Health Care Needs. Appellant thereafter filed for unemployment insurance benefits. On April 4, the Division of Unemployment Insurance denied Appellant's claim based upon

---

1. Senior Judge Joseph Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

a determination that the reasons for her discharge included misconduct connected with her employment.

Appellant subsequently appealed the denial to the Division of Unemployment Insurance Appeals Branch of the Department of Workforce Investment and to the Kentucky Unemployment Insurance Commission. Following an evidentiary hearing, the unemployment insurance referee rendered a decision finding that Appellant was discharged for misconduct and was thus disqualified from receiving unemployment benefits. In his decision, the referee noted that Runner was given two written reprimands on August 15, 2006, the first of which was based upon thirteen specific instances where she sent disruptive and insubordinate e-mails to her supervisor. The second reprimand was for failing to perform assigned work. On April 11, 2007, Runner was suspended for disregarding a directive repeatedly issued by her supervisor. Further, the referee concluded that Runner exhibited obstinate behavior by refusing to sign any of her interim or annual personnel evaluations, refusing to provide her supervisor with a notebook that she claimed was work-related, and continuing to send disruptive e-mails. The referee determined that "[c]redible, probative evidence establishes that claimant's failure to correct her performance and attitude to levels within her proven capabilities following numerous warnings and ample opportunity to make such corrections was the result of willful and wanton disregard for the work and the employer's interests." In addition, the referee found that Runner was guilty of "refusing to obey reasonable instructions," a separate statutory ground to deny unemployment insurance. KRS 341.370(6). On November 18, 2008, the Commission adopted the referee's findings and conclusions.

On December 8, 2008, Appellant filed an original action in the Jefferson Circuit Court seeking review of the Commission's decision. Appellant argued that her termination was solely for the "unsatisfactory performance of duties" and that termination for such cause made her eligible to receive benefits. On June 5, 2009, the trial court rendered an opinion affirming the Commission's denial of Runner's claim. Therein, the trial court noted:

Ms. Runner's primary argument is a semantic one. She seems to believe that the phrase "unsatisfactory performance of duties" serves as a talisman warding off any allegations that misconduct played a role in her termination. But, in fact, the two concepts are inter-related.

For example, in 2007, Ms. Runner repeatedly disregarded her supervisor's instruction to notify the back-up staff of changes in her schedule. She was subsequently suspended for "unsatisfactory performance of duties." Regardless of the label applied to the behavior ... her conduct met the legal definition of misconduct. In relation to [KRS 341.370(6) ], her conduct was a "knowing violation" of a reasonable rule and a refusal to obey "reasonable instructions." Further, ... Ms. Runner's actions meet the standard for misconduct because she disregarded her employer's interests and her obligations to her employer. (Citation omitted).

Runner thereafter appealed to this Court.

■ Runner argues in this Court, as she did below, that the phrase "unsatisfactory performance of duties" essentially prohibits a finding that misconduct played a role in her termination. Quoting *Boynton Cab Company v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (1941), Runner states that "mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or

ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not deemed 'misconduct' within the meaning of the statute." Runner also claims that the reprimands and suspension without pay were "unfair" and "discriminatory."

In reviewing an administrative decision, a circuit court must determine whether the agency's decision was based upon substantial evidence. *Kentucky Commission on Human Rights v. Fraser*, 625 S.W.2d 852 (Ky.1981). *See also Kentucky Retirement Systems v. Heavrin*, 172 S.W.3d 808 (Ky.App.2005). Substantial evidence has been defined as evidence which "has sufficient probative value to induce conviction in the minds of reasonable men." *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972). The circuit court's role is to review the administrative decision, not to reinterpret or reconsider the merits of the claim. *Kentucky Unemployment Insurance Commission v. King*, 657 S.W.2d 250, 251 (Ky. App.1983). If the record contains substantial evidence supporting the agency's decision, the circuit court must defer to the administrative agency, even if conflicting evidence is present. *Fraser*, 625 S.W.2d at 856. *See also Bowling v. Natural Resources and Environmental Protection Cabinet*, 891 S.W.2d 406 (Ky.App.1995).

On appeal to this Court, "[o]ur task is to determine whether or not the circuit court's findings upholding the [administrative decision] are clearly erroneous. CR 52.01." *Jones v. Cabinet for Human Resources*, 710 S.W.2d 862, 866 (Ky.App. 1986). Thus, at this level of review, Runner has the burden of demonstrating that the trial court was clearly erroneous in finding that the Commission's decision was supported by substantial evidence.

KRS 341.370(1) states, in relevant part, "A worker shall be disqualified from receiving benefits for the duration of any period of unemployment with respect to which: ... (b) He has been discharged for misconduct or dishonesty connected with his most recent work[.]" Although the statute does not specifically define "discharge for misconduct," it describes the term as including, but not being limited, to:

> [S]eparation initiated by an employer for falsification of an employment application to obtain employment through subterfuge; **knowing violation of a reasonable and uniformly enforced rule of an employer**; unsatisfactory attendance if the worker cannot show good cause for absences or tardiness; damaging the employer's property through gross negligence; **refusing to obey reasonable instructions**; reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours; conduct endangering safety of self or co-workers; and incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction, which results in missing at least five (5) days work.

KRS 341.370(6)(emphasis added).

In *Douthitt v. Kentucky Unemployment Insurance Commission*, 676 S.W.2d 472, 474 (Ky.App.1984), a panel of this Court noted that KRS 341.370(6) defines misconduct approximately the same way as it is defined in *Boynton Cab Company v. Neubeck*, 237 Wis. 249, 296 N.W. 636 (1941), and that the principle of *Boynton* had been followed in Kentucky. In *Boynton*, the Wisconsin Supreme Court defined the intended meaning of "misconduct" as:

> [L]imited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to

expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

Id. at 640.

■ Without question, "[t]he underlying principle of the statutory scheme for unemployment compensation evinces a humanitarian spirit and it should be so construed." *Alliant Health System v. Kentucky Unemployment Insurance Commission*, 912 S.W.2d 452, 454 (Ky. App.1995). However, as noted by a panel of this Court in *Shamrock Coal Company, Inc. v. Taylor*, 697 S.W.2d 952, 954 (Ky.App.1985), "an employer is entitled to the faithful and obedient service of his employee, and that failure to render same may constitute misconduct by the employee." *See also Brown Hotel v. White*, 365 S.W.2d 306 (Ky.1963). Moreover, "[w]here an employee manifests an intent to disobey the reasonable instructions of his employer, the denial of unemployment compensation benefits on the basis of misconduct is proper." *City of Lancaster v. Trumbo*, 660 S.W.2d 954, 956 (Ky.App. 1983). *See also Holbrook v. Kentucky Unemployment Insurance Commission*, 290 S.W.3d 81 (Ky.App.2009).

Substantial evidence in the record supports the finding that Runner's termination was for misconduct in connection with her work. She was aware of her responsibilities, was capable of performing her duties, and had been warned of the consequences of her actions. Contrary to Runner's assertions, we are of the opinion that her actions and behavior did not represent mere inefficiency or unsatisfactory conduct, but rather a refusal to perform her work as ordered over a lengthy period of time. Such clearly satisfies the common-law test for misconduct. *Douthitt*, 676 S.W.2d at 474.

As the Commission's decision was based upon substantial evidence, we are not free to substitute our judgment for that of the administrative agency. *McManus v. Kentucky Retirement Systems*, 124 S.W.3d 454, 458 (Ky.App.2003) (citing *Johnson v. Galen Health Care, Inc.*, 39 S.W.3d 828, 832 (Ky.App.2001)). Accordingly, we hold that the Commission did not misapply the law when it found that Runner had been discharged for misconduct and, as such, the trial court properly affirmed the Commission's decision.

The decision of the Jefferson Circuit Court is affirmed.

ALL CONCUR.