RENDERED:  DECEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0125-MR

OLIVER STANBERY
ORTHOPEDICS, LLC                                                  APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 19-CI-02804

COMMONWEALTH OF KENTUCKY,
KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION AND
TRICIA TELLES                                                     APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

JONES, JUDGE:  Oliver Stanbery Orthopedics, LLC (OSO) appeals from the

Fayette Circuit Court's opinion affirming a decision by the Kentucky

Unemployment Insurance Commission (the Commission) to award the appellee,

Tricia Telles, unemployment benefits following her termination from OSO.

Having reviewed the record and being otherwise sufficiently advised, we affirm the circuit court.

## I. BACKGROUND

Prior to her termination, Telles was a sales representative for OSO, which is owned by Matt Oliver and Jason Stanbery. In that role, Telles was required to be in operating rooms to help ensure the orthopedic products she sold were being used correctly. In May 2018, Telles was in the operating room during a surgery at St. Joseph Hospital (the Hospital) when she allegedly violated the Hospital's policies by retrieving and opening an expired bone graft during the surgery.

Telles informed OSO of the allegations, denied them, and asked to have OSO's counsel intervene on her behalf. Telles also suggested to OSO that she could meet with a Hospital board member, who she considered a friend, to discuss the matter and to disclose information which she believed would result in the removal of the Hospital's CEO.[1] Telles also discussed with OSO the possibility that she might privately retain an attorney to contact the Hospital. Mr. Oliver instructed Telles that she should neither discuss her situation or the CEO

---

[1] It appears as if the information Telles threatened to disclose about the Hospital's CEO was unrelated to the allegations regarding the bone graft.

with the board member nor retain a private attorney to contact the Hospital on her behalf.

It is undisputed that Telles did not wholly comply with Mr. Oliver's instructions. Telles obtained counsel, who sent the Hospital a letter requesting a meeting so that the matter could be resolved short of litigation. Telles also met with the Hospital board member. However, Telles testified that she did not discuss the specifics of the allegations against her at that meeting or divulge any information about the Hospital's CEO.

In June 2018, the Hospital decided to suspend Telles's access to its facilities for one year. Both Mr. Stanbery and Mr. Oliver testified that the Hospital was Telles's main account, and her not being able to be onsite there greatly reduced the amount of work she was able to perform. OSO terminated Telles in July 2018, approximately a month after her suspension from the Hospital. According to Telles, OSO did not give her any reason to support her termination.

In January 2019, Telles sought unemployment benefits. OSO opposed Telles's request, arguing that she had been terminated for misconduct making her ineligible to receive unemployment benefits. *See* KRS[2] 341.370(1)(b). As such, Telles's claim was initially denied. Telles appealed the denial; after a two-part evidentiary hearing at which Telles, Mr. Oliver, and Mr. Stanbery each

---

[2] Kentucky Revised Statutes.

testified, the referee upheld the denial of benefits. Telles appealed the referee's decision to the Commission. The Commission ultimately concluded that Telles was eligible to receive unemployment benefits. First, the Commission found that while Telles had met the board member, OSO had failed to prove that she discussed any prohibited subjects during the meeting. Second, the Commission found that while Telles had disobeyed the instruction for her not to obtain counsel to contact the Hospital, the instruction was not reasonable because it prevented Telles from "availing herself of the right to seek legal redress." (Record (R.) at 850.) Since KRS 341.370(6) defines misconduct, in part, as the failure to follow "reasonable instructions," the Commission reasoned that Telles did not commit misconduct with respect to this instruction.

OSO appealed the Commission's decision to the Fayette Circuit Court, which issued a decision affirming the Commission. This appeal followed.

## II. STANDARD OF REVIEW

"In an appeal of an administrative action by an agency, the circuit courts are to provide review, not reinterpretation." *Jones v. Cabinet for Human Resources, Div. for Licensure and Regulations*, 710 S.W.2d 862, 866 (Ky. App. 1986). While the courts review pure issues of law *de novo*, they must afford the agency's factual findings considerable deference. The level of deference is dependent on who bore the burden of proof before the agency.

-4-

When the decision of the fact-finder is in favor of the party with the burden of proof or persuasion, the issue on appeal is whether the agency's decision is supported by substantial evidence, which is defined as evidence of substance and consequence when taken alone or in light of all the evidence that is sufficient to induce conviction in the minds of reasonable people. Where the fact-finder's decision is to deny relief to the party with the burden of proof or persuasion, the issue on appeal is whether the evidence in the party's favor is so compelling that no reasonable person could have failed to be persuaded by it.

*Kentucky Retirement Systems v. Brown*, 336 S.W.3d 8, 14-15 (Ky. 2011) (quoting *McManus v. Kentucky Retirement Systems*, 124 S.W.3d 454, 458 (Ky. App. 2003)). In turn, "CR 52.01 requires that, in appeals of administrative agency decisions, appellate courts review the determinations of the circuit courts for clear error." *Fayette County Bd. of Educ. v. M.R.D.*, 158 S.W.3d 195, 201 (Ky. 2005).

### III. ANALYSIS

As framed by the parties, the central issue in this case is whether Telles should be disqualified from receiving benefits due to her misconduct, specifically, her alleged refusal "to obey [OSO's] reasonable instructions." KRS 341.370(6). There are two specific instructions at issue: (1) the instruction regarding Telles's meeting with the board member; and (2) the instruction for Telles not to retain counsel to contact the Hospital on her behalf.

"[OSO] bears the burden of proof in establishing that [Telles] should be disqualified from receiving benefits because of misconduct." *Alford v.*

-5-

*Kentucky Unemployment Insurance Commission*, 568 S.W.3d 367, 370 (Ky. App. 2018). Thus, with respect to the Commission's factual determinations, the circuit court's task was to determine whether the evidence in OSO's favor was so compelling that no reasonable person could have failed to be persuaded by it. *Brown*, 336 S.W.3d at 14-15.

With respect to the first instruction issued by OSO, the Commission determined that the instruction was directed at what Telles was not to discuss with the board member, *i.e.*, her particular situation and any unfavorable information about the Hospital's CEO. This finding was based on the testimony of Mr. Oliver and Mr. Stanbery. The Commission next found that while Telles did meet with the board member, she did not run afoul of OSO's instructions because she did not discuss her situation or relay negative information about the CEO. (R. at 849.) This finding was based on Telles's testimony. OSO did not present any evidence to contradict Telles's account of her meeting with the board member. Thus, we cannot conclude that the circuit court committed clear error when it affirmed the Commission as to the first instruction.

The second instruction involves a more nuanced review. It is undisputed that Telles retained counsel who sent a letter to the Hospital against the instructions of OSO. The question is whether OSO's instruction was reasonable. There is no explicit statutory definition of *reasonable*. We have previously held

that a "reasonable instruction" is one that is within the employee's "ability to perform" and will "not result in any undue hardship." *City of Lancaster v. Trumbo*, 660 S.W.2d 954, 956 (Ky. App. 1983). Additionally, "[i]t is not the practice of a particular employer and employee that determines misconduct. We are to examine the facts of each case in light of the reasonable employment relationship." *Douthitt v. Kentucky Unemployment Ins. Comm'n*, 676 S.W.2d 472, 475 (Ky. App. 1984).

While OSO may have had some valid concerns about one of its employees threatening legal action against the Hospital, those concerns must be considered in light of the facts of the case at hand. Telles believed that she had done nothing wrong in the operating room, and the Hospital was actively investigating the incident and determining whether to sanction her for the alleged violation. Being sanctioned by the Hospital could affect not only Telles's employment with OSO but her future employability within her chosen line of work. While it was certainly reasonable for OSO to make an internal business decision not to have its *own* counsel intervene on Telles's behalf, we cannot agree with OSO that it was reasonable to instruct Telles that she was not to *personally* consult with a private attorney or have a private attorney contact the Hospital on her behalf, especially where the Hospital was actively investigating allegations of wrongdoing by Telles. Thus, we agree with the Commission and the circuit court

-7-

that OSO's instruction unreasonably infringed on Telles's right to protect her legitimate and significant personal interests with the assistance of the counsel of her choosing.[3] Accordingly, we find no error with respect to the Commission's conclusion that the instruction was unreasonable, and we agree with the circuit court's decision to affirm.

Very briefly, we now turn to OSO's argument that the Commission erred by not making a finding with respect to whether Telles violated the Hospital's policy by retrieving and opening the bone graft, and that the circuit court erred by failing to recognize the significance of this omission. According to OSO, it was incumbent on the Commission to reach a determination on whether Telles violated the Hospital's policies because if Telles did commit the alleged breaches of Hospital policy then the instruction that Mr. Oliver gave her not to have counsel contact the Hospital must have been reasonable. Of course, this ignores the fact the Hospital's investigation was ongoing when the instruction was

_____

[3] In its appellate brief, OSO argues that the Commission's reasoning in this regard is tantamount to a conclusion that OSO violated Telles's constitutional rights exposing it to liability for wrongful discharge. OSO explains that it should have been able to terminate Telles in this situation "without fear of being liable for a wrongful or retaliatory discharge claim." OSO's argument misunderstands the relationship between an unemployment benefits claim and a claim against the employer for wrongful discharge. The question before the Commission and the circuit court was limited to whether Telles was entitled to receive unemployment benefits, not whether her discharge was "wrongful." In this limited setting, OSO's reasons (or lack thereof) for the termination are relevant only for determining whether Telles is entitled to benefits. *Hicks v. Floyd County Bd. of Educ.*, 99 F. App'x 603, 605 (6th Cir. 2004) (citing *Berrier v. Bizer*, 57 S.W.3d 271, 281 (Ky. 2001)) ("Indeed, turning an unemployment hearing into a forum for thorough exploration of such issues [wrongful discharge] would defeat the purpose of providing fast, cheap resolution of unemployment claims.").

issued. Additionally, Mr. Oliver unequivocally testified that he would have terminated Telles regardless of whether she actually breached the Hospital's policy for the simple fact that she disregarded his instructions. In this limited setting, the inquiry is centered on the reasonableness of the *instructions at the time they were given* and nothing more. (R. at 32-36.) Accordingly, we agree with the circuit court that whether Telles actually breached the Hospital's policy was irrelevant.

Finally, OSO argues that Telles's mere threat to disclose damning information to the board member which she believed would lead to the dismissal of the Hospital's CEO was misconduct sufficient to deny her benefits in and of itself. While Telles's alleged threat was occasionally mentioned by Mr. Oliver and Mr. Stanbery during their testimony, OSO has not cited us to where in the administrative record it argued to the Commission that this was a valid basis for Telles's termination. Accordingly, we deem this argument to have been waived for lack of preservation.[4] *O'Dea v. Clark*, 883 S.W.2d 888, 892 (Ky. App. 1994).

---

[4] CR 76.12(4)(c)(v) requires an appellant's brief to contain "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." OSO's briefs contain no such preservation statements as to any of its plethora of issues. We have leniently elected to not penalize OSO for failing to provide a preservation statement for the other issues because Telles and the Commission do not actively dispute preservation of those issues. However, Telles asserts on page six of her brief that OSO's argument that the threat to get the Hospital CEO fired was sufficient standing alone to deny benefits to Telles is "an entirely new reason that was never before the Commission." We likewise failed to see where that issue was raised before the Commission. In any event, however, it is not our duty to sift through the administrative record to determine if/where/how OSO raised this issue. That burden fell upon OSO, not this Court.

In any event, it seems highly doubtful that Telles's mere act of discussing this *possible* scenario with her supervisor in private rises to the level of actionable misconduct.

## IV.  CONCLUSION

For the foregoing reasons, we affirm the Fayette Circuit Court's decision affirming the decision of the Kentucky Unemployment Insurance Commission.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John E. Hanley
Hayden A. Holbrook
Louisville, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY, KENTUCKY
UNEMPLOYMENT INSURANCE
COMMISSION:

Joshua R. Hurley
Maria Russell
Frankfort, Kentucky

BRIEF FOR APPELLEE TRICIA
TELLES:

Thomas D. Bullock
Rachele T. Yohe
Lexington, Kentucky